Nicholas **CAPPETTA, C–008033,**
Petitioner,

v.

**Louie L. WAINWRIGHT, Director, Division of Corrections, State of Florida,**
Respondent.

No. 68–315–Civ.

United States District Court
S. D. Florida,
Miami Division.

April 23, 1968.

June 10, 1968.

Nicholas Cappetta, in pro. per.

Earl Faircloth, Atty. Gen., Tallahassee, Fla., for respondent.

CABOT, District Judge.

This is a petition for writ of habeas corpus filed by Nicholas Cappetta, a state prisoner. The state has filed its response to the petition pursuant to the Court's order of March 19, 1968.

Petitioner was tried and convicted of breaking and entering and grand larceny in the Criminal Court of Record in and for Dade County, Florida, case No. 62–5350. On January 10, 1963, he was sentenced to a term of five years imprisonment. It appears from the respondent's Exhibit "A" that the sentence herein attacked expired on December 7, 1967, and accordingly, petitioner is no longer in custody under the sentence which he attacks. Therefore habeas corpus is not available to him. Parker v. Ellis, 362 U.S. 574, 80 S.Ct. 909, 4 L.Ed.2d 963 (1960); Bonnie v. Gladden, 377 F.2d 555 (9th Cir. 1967); Ward v. State of Oklahoma, 376 F.2d 847 (10th Cir. 1967). Accordingly, it is

Ordered and adjudged that the petition for writ of habeas corpus be and the same is hereby denied.

ON PETITION FOR CERTIFICATE OF PROBABLE CAUSE TO APPEAL

This cause came before the Court on the petition of Nicholas Cappetta for certificate of probable cause to appeal the denial of his petition for writ of habeas corpus entered April 22, 1968.

Petitioner was tried and convicted in the Criminal Court of Record of Dade County, Florida, and sentenced on January 10, 1963, to a term of five years imprisonment. Previously thereto, in May of 1962, it appears that he had

been sentenced in another case, and that for some reason unexplained in the record, the May 1962, sentence commenced at the expiration of the January, 1963, sentence. After exhausting state remedies, petitioner on March 15, 1968, filed this petition for writ of habeas corpus directed to his January, 1963, sentence. The response of respondent revealed that in December, 1967, the sentence which petitioner here attacks expired and that at the time of the filing of this petition he was serving the May, 1962, sentence which is not here attacked. Accordingly, this Court held that notwithstanding petitioner's arguments that voiding of the January, 1963, sentence would result in immediate release (inasmuch as apparently the May, 1962, sentence would be deemed then to have run from date of sentence and thus to have expired), this Court was without jurisdiction under the federal habeas corpus statutes to grant relief. The basis of the Court's order was that the petitioner was moot and the Court expressly relied on Parker v. Ellis, 362 U.S. 574, 80 S.Ct. 909, 4 L.Ed.2d 963 (1960).

 Subsequent to the filing of the petition for certificate of probable cause Parker v. Ellis was expressly overruled in Carafas v. LaVallee, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (May 20, 1968). However, this Court is still of the opinion that it lacks jurisdiction under the federal habeas corpus statutes inasmuch as the petition herein was not filed while petitioner was in custody under the sentence being attacked. All that Carafas did, it appears, was to overrule that part of Parker v. Ellis which held that subsequent release rendered a petition moot. As the Court said,

> In Parker v. Ellis, as in the present case, petitioner's application *was filed in the Federal District Court when he was in state custody,* and in both the petitioner was unconditionally released from state custody before his case could be heard in this Court. For the reasons which we here summarize and which are stated at length in the dissenting opinions in Parker v. Ellis, we

conclude that under the statutory scheme, *once the federal jurisdiction has attached in the District Court,* it is not defeated by the release of the petitioner prior to completion of proceedings on such application. [Emphasis supplied]. Carafas v. LaVallee, supra.

However, since Carafas did not expressly deal with a situation as here, i. e., expiration of sentence prior to filing of petition, this Court is of the opinion that probable cause for appeal does exist in this case and that a certificate should be granted and petitioner be allowed to appeal *in forma pauperis.* Accordingly, it is,

Ordered and adjudged that the petition of Nicholas Cappetta for certificate of probable cause to appeal be and the same is hereby granted, and petitioner is further granted leave to appeal *in forma pauperis.*