**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Richard Henry BECK, Defendant-**
**Appellant.**

No. 72–2528

**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Jan. 4, 1973.

James C. Bonner, Jr., Decatur, Ga. (Court appointed), for defendant-appellant.

John W. Stokes, Jr., U. S. Atty., George H. Connell, Jr., Asst. U. S. Atty., Atlanta, Ga., for plaintiff-appellee.

Before GEWIN, AINSWORTH and SIMPSON, Circuit Judges.

PER CURIAM:

 This is a direct appeal from Richard Henry Beck's conviction for possession and forgery of a stolen United

---

* Rule 18, 5 Cir.; *see* Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, 5 Cir., 1970, 431 F.2d 409, Part I.

States Treasury check in violation of 18 U.S.C. §§ 1708 and 495. The criminal activity occurred about May 8, 1969. While in a county jail on other state charges[1] some time in February of 1970, federal authorities indicated their interest in Beck to state officials. On April 27, 1970, federal agents questioned Beck who admitted possessing and endorsing the check by using the name of John R. Kelly; he also provided the agents with a handwriting sample. On May 11, 1970, federal authorities issued a formal complaint and lodged a detainer against him since he was still in state custody. Beck wrote to the United States Attorney or District Court on at least three occasions in an effort to lift the detainer. However, Beck was not indicted until February 7, 1972. Thus 21 months elapsed between the formal detainer and the indictment.

■ Appellant states in his brief that the "one issue presented for appeal concerns the District Court's denial of Appellant's motion under Rule 48(b), Federal Rules of Criminal Procedure, seeking dismissal of the indictment for unnecessary and oppresive [sic] delay of 21 months in presenting the charges, lodged against him in prison as a detainer, to the grand jury."

Rule 48(b) provides discretionary authority in the District Judge: "If there is unnecessary delay in presenting the charge to a grand jury . . ., the court may dismiss the indictment, information or complaint." According to our recent decision in United States v. Judice, 5 Cir., 1972, 457 F.2d 414, 415 n. 1, a "timely indictment under the limitation statute is not 'unnecessary delay' under Rule 48(b)." Here Beck was indicted well within the 5-year statute of limitations specified by 18 U.S.C. § 3282. Furthermore, upon a review of the record and circumstances presented here, we do not believe the Trial Judge abused his discretion by refusing to dismiss the indictment.

Affirmed.

---

1. Beck's violations of state and federal law include a conviction on March 3, 1970, of a federal offense for illegal possession and transferal of guns, resulting in a sentence for 18 months of imprisonment. On March 10, 1970, he was convicted by the State of Georgia on drug charges and sentenced to 2 years of imprisonment. His convictions in the present case occurred on June 6, 1972, resulting in 6 more months to be served concurrently with his prior sentences.

Beck first served the state sentence, and then was transferred to federal custody. Imprisonment for both the gun violations and the present Treasury check violations has already ended. Nevertheless, this case is not moot because of possible collateral consequences. *See generally* Carafas v. LaVallee, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968); Murray v. Wainwright, 5 Cir., 1971, 450 F.2d 465, 468.