**Gene Patrick GAREAU, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

**No. 72–1546.**

United States Court of Appeals, Sixth Circuit.

Submitted Jan. 29, 1973.

Decided Feb. 15, 1973.

Gene Patrick Gareau, in pro. per.

Frederick M. Coleman, U. S. Atty., Edward S. Molnar, Asst. U. S. Atty., Cleveland, Ohio, for respondent-appellee.

Before PHILLIPS, Chief Judge, and CELEBREZZE and McCREE, Circuit Judges.

PER CURIAM.

This is an appeal from the dismissal of a petition for a writ of habeas corpus and the denial of a motion to reconsider the petition. Because the United States Attorney has not favored this court with a brief in response to the brief of appellant as required by Fed.R.App.P. 31(a), this appeal has been heard and decided upon the brief of appellant and the record.

Appellant is presently serving concurrent sentences in Ohio state prison as a result of a 1968 conviction for armed robbery and shooting with intent to kill. In 1965, appellant pled guilty in federal court to violation of 26 U.S.C. § 5851 (1964), for which he received, and has served, a sentence of three years' im-

prisonment. After he completed serving his federal sentence, the Supreme Court held that assertion of the Fifth Amendment's privilege against self-incrimination provided a complete defense to prosecutions under the provisions of the National Firearms Act to the violation of which appellant had pled guilty, Haynes v. United States, 390 U.S. 85, 88 S.Ct. 722, 19 L.Ed.2d 923 (1968), and that this ruling was to be given retroactive application. *See* United States v. United States Coin & Currency, 401 U.S. 715, 91 S.Ct. 1041, 28 L.Ed.2d 434 (1971); Decker v. United States, 402 U.S. 937, 91 S.Ct. 1604, 29 L.Ed.2d 106 (1971), vacating and remanding 423 F. 2d 726 (6th Cir. 1970).

On the authority of these decisions, appellant filed a petition for a writ of habeas corpus, alleging that he was in custody in violation of the Constitution because his federal conviction had the effect of increasing the time that he must serve in state prison before he will be eligible for parole. The District Court dismissed the petition initially because of the decision of this court in *Decker, supra,* that Haynes v. United States, *supra,* was not to be accorded retrospective effect. Following the vacation of *Decker* by the Supreme Court, appellant moved for reconsideration of the dismissal of his petition. The District Court denied his motion because it regarded appellant's petition as a motion to vacate sentence under 28 U.S.C. § 2255 and, since appellant was not serving his federal sentence when the petition was filed, the attack on his federal conviction was "moot."

 Consistent with the teaching of the Supreme Court in United States v. Morgan, 346 U.S. 502, 505, 74 S.Ct. 247, 249, 98 L.Ed. 248 (1954), that "in behalf of the unfortunates, federal courts should act in doing justice if the record makes plain a right to relief," we determine that the District Court should have treated "the record as adequately presenting a motion in the nature of a writ of error *coram nobis* enabling the trial court to properly exercise its juris-

diction." And the collateral consequences of appellant's federal conviction demonstrate that his claim is not moot. *See* Carafas v. LaVallee, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968); United States v. Morgan, *supra,* 346 U. S. at 512–513, 74 S.Ct. 247, 98 L.Ed. 248; *cf.* United States v. Tucker, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972).

Moreover, it is clear from the authorities cited above that appellant's 1965 federal conviction is constitutionally infirm. Accordingly, we reverse and remand with instructions to vacate the 1965 federal judgment of conviction and the sentence imposed pursuant thereto. *See* United States v. Morgan, supra, 346 U.S. at 513, 74 S.Ct. 247, 98 L.Ed. 248.

Reversed and remanded.