**Levi L. JACKSON**

v.

**DIRECTOR OF PATUXENT IN-STITUTION et al.**

**Civ. A. No. 15638.**

United States District Court, D. Maryland.

June 27, 1973.

———◆———

Levi L. Jackson, pro se petitioner.

Francis B. Burch, Atty. Gen. of Md., and Alfred J. O'Ferrall, Asst. Atty. Gen. of Md., Baltimore, Md., for respondent.

## MEMORANDUM OPINION AND ORDER

WATKINS, District Judge.

Petitioner, while a patient at Patuxent Institution, filed a petition for a federal writ of habeas corpus in which he attacked myriad aspects of the Maryland Defective Delinquency Law, Maryland Code Article 31B (1957), as applied to him. Subsequent to the filing of this petition, Jackson was released from Patuxent Institution after a determination that he was no longer a defective delinquent. The result of the Petitioner's release, as will be discussed herein, is to render the petition moot.

It can no longer be disputed that release from physical custody does not moot a petition for a federal writ of habeas corpus brought to test the constitutionality of a state conviction. Carafas v. LaVallee, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968). The underlying reason for this rule is that as a result of " 'the disabilities or burdens [which] may flow from' petitioner's *conviction*,

he has 'a substantial stake in the *judgment of conviction* which survives the satisfaction of the sentence imposed on him.' " (emphasis added). *Carafas, supra* at 237, 88 S.Ct. at 1559. During the early development of the doctrine of collateral consequences the existence of these "disabilities or burdens" flowing from a conviction had to first be established by the Petitioner. United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1954). However, as the concept developed and became accepted, the collateral effects of the conviction were presumed to exist. Pollard v. United States, 352 U.S. 354, 77 S.Ct. 481, 1 L.Ed.2d 393 (1957) (as interpreted by the Supreme Court in *Carafas, supra*).

██ In the instant petition, the attack is not on the conviction of the Petitioner of a criminal offense. The sole target of his attack is the constitutionality of the determination made by the state courts that he is a defective delinquent pursuant to Maryland Code Article 31B. Unlike a criminal conviction, it cannot be presumed that there exist collateral legal consequences flowing from such a determination. It is merely a decision in the rehabilitation process regarding the proper method of rehabilitation, which, due to its seriousness, is clothed with a large measure of due process rights. It is not a finding of guilt. No express collateral legal consequences attach to the determination. There are certainly direct consequences, for example, the indefinite sentence. However, once the sentence terminates, no other effects of a legal nature appear to continue to be felt by the individual beyond those that arise as a consequence of the underlying conviction. Since none is presumed to exist, *compare Pollard, supra,* absent a showing of the existence of collateral legal consequences, *compare Morgan, supra,* the release from Patuxent Institution of a petitioner will render moot an attack on the constitutionality of the defective delinquency determination.

Moreover, inasmuch as Petitioner's release on August 24, 1971, pursuant to a determination that he was no longer a defective delinquent manifests the belief of the medical staff at the Institution that he has been "rehabilitated", it is difficult to perceive additional collateral consequences, legal or social, attaching to his confinement at Patuxent that would not have attached merely by his conviction. Certainly no such determination of rehabilitation attends release from any other place of confinement within the Maryland Correctional System since the ground of termination of a sentence in the usual case is merely the passage of time.

For the reasons stated herein, this petition is dismissed.

Leave to file in forma pauperis has heretofore been granted.