STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. STANLEY J. PERWIN, DEFENDANT-APPELLANT.

Argued May 13, 1975—Decided July 1, 1975.

*Mr. Thomas R. Farley* argued the cause for the appellant (*Messrs. Farley & Rush,* attorneys).

*Mr. Michael A. Noto,* Assistant Prosecutor, argued the cause for the respondent (*Mr. Joseph P. Lordi,* Essex County Prosecutor, attorney).

The opinion of the Court was delivered by

SCHREIBER, J. Stanley Perwin was indicted with others for conspiring to defraud the Maryland Casualty Company by faking three automobile accident claims between 1966 and 1968. He was acquitted of these charges.

Subsequent to that indictment Perwin was indicted on three counts of false pretenses and separately indicted for a

conspiracy to violate the false pretense statutes. The factual context of these indictments was that Perwin and others defrauded the Maryland Casualty Company by faking a fourth automobile accident in 1967. Perwin was convicted on all four counts. On February 16, 1971 he received custodial sentences and was fined $1,000 on each count or a total of $4,000.

Perwin paid the $4,000 fine to the Treasurer of Essex County. He appealed to the Appellate Division, which affirmed. 117 *N. J. Super.* 315 (App. Div. 1971). Certification was denied (60 *N. J.* 138 (1972)) as was his petition for *certiorari* to the United States Supreme Court. 409 *U. S.* 862, 93 S. Ct. 151, 34 *L. Ed.* 2d 109 (1972).

He filed a petition with the United States District Court for a writ of *habeas corpus.* It found that Perwin was involved in only one conspiracy and having been acquitted of that conspiracy, he had been placed in double jeopardy when charged with the same conspiracy in the second trial. This violated Fifth Amendment rights which he had derived through the Fourteenth Amendment. *Benton v. Maryland,* 395 *U. S.* 784, 89 S. Ct. 2056, 23 *L. Ed.* 2d 707 (1969). The District Court directed that execution of the writ be stayed for 45 days to enable the County Prosecutor to appeal the order, retry the defendant on the three counts of false pretenses, or do both. The Prosecutor chose to drop the matter.

Perwin then sought to force the County Prosecutor to return to him the $4,000 fine under *N. J. S. A.* 2A:166–13 which mandates return of fines paid when a defendant has appealed and obtained a decision terminating the matter in his favor. The trial judge denied the request on the grounds that the writ of *habeas corpus* was limited to compelling the warden to release Perwin from custody and that the issuance of the writ was "not tantamount to a decision in favor of the defendant terminating the State's case against him," and that the statute is not applicable. The

Appellate Division affirmed primarily on the same grounds. 131 *N. J. Super.* 435 (App. Div. 1974). We granted certification. 67 *N. J.* 90 (1975).

██ The Appellate Division correctly noted that the board of chosen freeholders was a necessary party and that the proceedings were improperly instituted. As did the Appellate Division, we shall consider the matter on its substantive merits.

The ultimate issue is whether Perwin is entitled to a return of the fine under *N. J. S. A.* 2A:166–13. The statute reads as follows:

"When a defendant in a criminal action has paid a fine upon being found guilty of an offense and has taken an appeal and obtained a decision in his favor terminating the case of the state against him, the board of chosen freeholders of the county wherein the trial was had shall return to such person the amount of the fine so paid."

This statute was initially adopted in 1907 and has remained in the same form except that in the 1952 Revision of Title 2A the words "has taken an appeal" replaced the words "has taken a writ of error". The purpose of the statute is to repay a fine to a defendant where the criminal proceeding has terminated in his favor. The State takes the position that the favorable termination must result from an "appeal". The defendant argues that he has literally complied with the statute, that is, he has taken an appeal and obtained a favorable decision which resulted in the favorable termination of the suit. He also contends that we should construe the word "appeal" to include postconviction proceedings, particularly *habeas corpus,* where as a result the defendant's functional status is the same as an acquitted person.

██ At the outset it should be noted that since the statute provides for remission of a fine, it is remedial in nature. 3 *Sutherland, Statutory Construction* § 5702 at 70 (3d ed. 1943); *cf. Attix v. Robinson,* 155 *F. Supp.* 592 (*D. Mont.*

1957). As such, the statute should be liberally construed so as to effectuate its object and purposes.

██ ██ It is clear that the legislative intent was to reimburse to a defendant a fine which had been paid as a result of a conviction where the proceeding ultimately terminated in his favor. The "sweep of the legislative objective is evident". *State v. New Jersey National Bank and Trust Co.,* 62 *N. J.* 50, 54 (1972). The key to the remedy is the final favorable conclusion. A successful appeal is not sufficient. There must be a decision in favor of the defendant which either concludes the State's case against him or is accepted by the State as such.

██ When the statute was enacted in 1907, means to review a conviction were substantially limited to a writ of error. Many years later post-conviction relief began to take other forms, including the use of *habeas corpus* in the federal courts. Note, "State Criminal Procedure and Federal Habeas Corpus," 80 *Harv. L. Rev.* 422 (1966). Although the purpose of the writ of *habeas corpus* is to secure the immediate release of a prisoner (*State v. Williams,* 29 *N. J. Super.* 309, 315 (App. Div.), *cert.* den. 348 *U. S.* 847, 75 S. Ct. 71, 99 *L. Ed.* 668 (1954)), under federal law its uses have been enlarged. Post-conviction relief has been afforded through the federal writ of *habeas corpus.* In *Carafas v. LaVallee,* 391 *U. S.* 234, 88 S. Ct. 1556, 20 *L. Ed.* 2d 554 (1968), the Supreme Court held that although the federal statute required that the applicant for the writ be in custody when the application is filed, the case was not rendered moot when the defendant was released since the consquences of the conviction resulted in many disabilities, such as inability to vote or serve as a juror. It recognized that the ruling on the right to the writ could affect the defendant's " 'substantial stake in the judgment of conviction which survives the satisfaction of the sentence imposed on him.' " 391 *U. S.* at 237, 88 S. Ct. at 1559, 20 *L. Ed.* 2d at 558.

■ Where the granting of the writ of *habeas corpus* results in the termination of the proceedings in favor of the defendant because the County Prosecutor elects not to proceed, the purport and intent of the statute have been met. Construction of the statute to include this situation accords with the principle that statutory interpretation should be in accordance with the legislative objective. *State v. New Jersey National Bank and Trust Co., supra.* The defendant is entitled to the return of the fine.

Reversed.

*For reversal*—Chief Justice HUGHES, Justices MOUNTAIN, SULLIVAN, PASHMAN, CLIFFORD and SCHREIBER and Judge CONFORD—7.

*For affirmance*—None.