■ In the Matter of STANLEY J. PERWIN for Admission to the Bar. [730 NYS2d 257] —Per Curiam. Applicant passed the New York State Bar exam and, based on his residence in New

Jersey, has been certified for admission to this Court by the New York State Board of Law Examiners (*see,* 22 NYCRR 520.7 [a]).

Applicant was admitted to practice in New Jersey in the late 1950s. In 1972, he was disbarred in New Jersey because he was convicted of criminal offenses in connection with a conspiracy to defraud an insurance carrier (*see, Matter of Perwin,* 67 NJ 174, 287 A2d 3). Although a US District Court granted applicant's writ of habeas corpus on double jeopardy and collateral estoppel grounds in 1973 and the criminal proceeding was therefore terminated in his favor (*see, State of New Jersey v Perwin,* 67 NJ 594, 342 A2d 178), the Supreme Court of New Jersey denied his petition for reconsideration of his disbarment in 1974 and denied his application for reinstatement in 1982. In 1990, applicant applied to take the Pennsylvania Bar exam but his application was denied on character and fitness grounds. This Court's Committee on Character and Fitness has interviewed applicant and recommends his admission, albeit by a divided vote (*see,* 22 NYCRR 805.1 [e]).

Based upon our consideration of his application for admission, we conclude that applicant does not possess "the character and general fitness requisite for an attorney and counselor-at-law" (Judiciary Law § 90 [1] [a]). Accordingly, we deny his application for admission.

Cardona, P. J., Mercure, Spain, Carpinello and Mugglin, JJ., Ordered that applicant's application for admission to the New York State Bar is denied.