Ivie CLAY, Petitioner,

v.

**DIRECTOR, JUVENILE DIVISION DEPARTMENT OF CORRECTIONS,**
Respondent.

No. 79 C 1491.

United States District Court,
N. D. Illinois, E. D.

Feb. 25, 1981.

Bernard Carey, Cook Co. State's Atty., Patricia Bornor, Dept. of Corrections, Timothy Newitt, Anita Donath, Asst. Attys. Gen., Chicago, Ill., for respondent.

John S. Elson, Michael J. Murray, Northwestern Legal Assistance Clinic, Chicago, Ill., for petitioner.

MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

On April 13, 1979 Ivie Clay ("Clay") petitioned this District Court for a writ of habeas corpus. Clay was then 17 years old

* See Memorandum filed February 25, 1981.

and committed to the Juvenile Division Department of Corrections, State of Illinois ("Department") following her plea of guilty to a charge of aggravated assault and her resulting adjudication as a delinquent. Clay's petition is based on her contentions that her plea was involuntary, that she received ineffective assistance of counsel and that she was denied due process because the trial court denied her motion to vacate her guilty plea.

On July 2, 1979 Clay received a final discharge from Department, which now moves to dismiss the habeas petition, contending that the discharge makes Clay's request for relief moot. For the reasons stated in this memorandum opinion and order, Department's motion is denied.

■ It is well established that service of a full sentence does not bar an appeal or a habeas corpus petition on mootness grounds *if* the petitioner may suffer adverse "collateral consequences" because of the underlying conviction. *Sibron v. New York*, 392 U.S. 40, 50–58, 88 S.Ct. 1889, 1896–1900, 20 L.Ed.2d 917 (1968); *Carafas v. LaVallee*, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968). Department argues that Clay will suffer no such "collateral consequences" as a result of her adjudication as a delinquent because (Ill.Rev.Stat. ch. 37, §§ 702–8, 702–9 (1979)):

> (1) juvenile records are not public;
>
> (2) no adjudication of delinquency is admissible as evidence against the minor in any civil or criminal proceeding; and
>
> (3) such adjudication is not denominated a conviction under Illinois law.

Thus Department urges that Clay's slate is effectively wiped clean of the adjudication she contests in her habeas petition.

This Court does not agree. Ill.Rev.Stat. ch. 37, § 702–9(2) states:

> Notwithstanding the foregoing provisions of this section, whenever anyone who has been adjudicated to be a delinquent minor ... is convicted of a crime in any court, the court in which the conviction has been entered may, in passing upon an

application for probation or in determining the sentence to be imposed, examine the records of disposition or evidence which were made in the [delinquency] proceedings. . . .

■ Clay's adjudication might therefore subject her to harsher treatment were she convicted of any future crime. That possibility parallels the situation in *United States v. Morgan*, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1954), where the Court rejected a mootness argument on a *coram nobis* petition although the petitioner had served his entire sentence (346 U.S. at 512–13, 74 S.Ct. at 253–54):

> Although the term has been served, the results of the conviction may persist. Subsequent convictions may carry heavier penalties. . . .

Accordingly, Clay's petition is not rendered moot by her final discharge. As in *Morgan*, the potential for harsher sentencing on any future conviction is a sufficient "collateral consequence" of her delinquency adjudication to entitle her to continue this litigation.[1]

### Conclusion

Department's motion to dismiss Clay's petition for a writ of habeas corpus is denied. Department is ordered to show cause on or before March 16, 1981 why the writ should not be granted, and this action is set for a status report (including the possible setting for a hearing) April 1, 1981 at 9 a. m.

---

**1.** It is therefore unnecessary to address Clay's other claims of "collateral consequences."