787 F.2d 591
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
ROGER MILLER, Petitioner-Appellant,
v.
WILLIAM A. MISFUD, Chief of Department of Probation Services
for Franklin County Municipal Court, et al.,
Respondent-Appellee.
 84-3937
 United States Court of Appeals, Sixth Circuit.
 3/20/86
 
 VACATED AND REMANDED
 S.D.Ohio
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO
 Before: ENGEL, MILBURN and RYAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Roger Miller appeals from a decision of the district court denying his petition for a writ of habeas corpus. Because we now find the case moot, we remand to the district court for dismissal of the complaint.
 
 
 2
 Miller owns and operates the Fog Zone, a retail business located in the City of Whitehall, Ohio. On August 3, 1982, a detective in the Whitehall Police Department purchased two pipes from Miller's shop: one a small wooden pipe, the other identified as an apogee bong. Miller was charged with possession with intent to sell drug paraphernalia, in violation of a Whitehall municipal ordinance. He was convicted in the municipal court, and sentenced to two years non-reporting probation. His probation expired by its terms not later than May 28, 1985. Miller unsuccessfully appealed his conviction in the state courts and subsequently filed a petition for a writ of habeas corpus in the United States District Court for the Southern District of Ohio, asserting that the evidence presented did not support the conclusion that he knew the pipes would be used to ingest controlled substances. The district court denied the petition, finding overwhelming evidence that the pipes were used almost exclusively for smoking controlled substances. On appeal, Miller challenges the district court's conclusion. However, since Miller acknowledges that his probation has terminated, we find this case is moot.
 
 
 3
 It is the general rule that when all consequences of a conviction expire during the pendency of a habeas corpus petition, that petition is rendered moot. Lane v. Williams, 445 U.S. 624 (1982). As something of an exception to that rule, the Supreme Court has held that even though a habeas corpus petitioner has fully served his sentence, significant collateral consequences may preserve a controversy. Carafas v. LaVallee, 391 U.S. 234 (1968). Only consequences flowing from a felony conviction have been found significant enough to preserve a controversy for habeas corpus purposes. Id. Here, the sole consequence of Miller's third-degree misdemeanor conviction is that a subsequent conviction under the same statute would become a first-degree misdemeanor. We do not find this consequence to be comparable to those arising out of a felony conviction.
 
 
 4
 There is an exception to the mootness doctrine for issues 'capable of repetition yet evading review.'[1] This exception is limited to circumstances where two elements are present in combination: (1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party would be subject to the same action again. Weinstein v. Bradford, 423 U.S. 147, 149 (1976). Miller has not met these requirements. He has made no showing that there would be insufficient time to fully litigate his objections. Although he asserts that he would be subject to repeat prosecution under the Whitehall ordinance, we note that he did not challenge the ordinance on its face, but argued instead that the city did not meet the intent requirement of the ordinance in this instance. Because petitioner is now well aware that the items sold are used almost exclusively for smoking controlled substances, we see no likelihood that Miller would be subjected to the same action again.
 
 
 5
 For the reasons stated above, we vacate the judgment of the district court and remand to the district court for dismissal of the complaint as moot.
 
 
 
 [1]
 See Southern Pacific Terminal Co v. I.C.C., 219 U.S. 498 (1911)