Luis **MORALES**, Petitioner,

v.

James **SULLIVAN** and Robert **Abrams**, Respondents.

No. 84 Civ. 0183 (SWK).

United States District Court, S.D. New York.

Feb. 20, 1987.

Luis Morales, pro se.

Robert Abrams, Atty. Gen. of the State of N.Y., New York City, for respondents.

## MEMORANDUM OPINION AND ORDER

KRAM, District Judge.

Petitioner Luis Morales petitions the Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] His sole claim is that the trial judge who sentenced him after Morales pled guilty to third degree grand larceny erred in failing to order a competency hearing before sentencing to determine whether Morales was competent to enter a voluntary and knowing guilty plea. Morales contends that both his irrational behavior at his sentencing and the judge's awareness that Morales had some history of mental problems obligated the judge, under New York Criminal Procedure Law § 730.30(1), to order *sua sponte* a competency hearing before sentencing. The Court finds Morales' claim to be without merit.

On August 24, 1979, Morales stole a woman's money and wallet. On March 27, 1980, he entered a guilty plea to third degree grand larceny before the trial judge, who assured Morales that his sentence would not exceed one year if Morales returned to be sentenced at the appointed time. The trial judge also told Morales that his failure to appear for sentencing

would result in his receiving the maximum four-year sentence allowed by statute.

Morales was paroled, pending his sentence, to a program known as Project Return. He left that program one day later. He did not return for sentencing. He was subsequently arrested for and convicted of an unrelated larceny, at which time he was returned to appear before the trial judge pursuant to a bench warrant. On December 18, 1980, the trial judge sentenced him to the maximum four-year sentence.

Morales appealed his conviction to the Appellate Division, First Department, arguing the same claim that is now before the Court. His conviction was affirmed on March 24, 1983, and leave to appeal to the New York Court of Appeals was denied. Morales subsequently petitioned this Court for a writ of habeas corpus.

## DISCUSSION

It is well-settled that the right of due process requires that a trial judge who accepts a defendant's guilty plea must affirmatively determine before accepting the plea that it is both voluntary and intelligent. *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); *Suggs v. LaVallee,* 570 F.2d 1092 (2d Cir.), *cert. denied,* 439 U.S. 915, 99 S.Ct. 290, 58 L.Ed.2d 263 (1978).

Morales does not argue any impropriety by the trial judge at his plea hearing, nor does he offer any evidence that his own conduct at that hearing indicated any incompetency to enter a knowing and voluntary guilty plea. And, in fact, the record of that hearing reveals that Morales' responses to the judge's close interrogation were coherent, consistent and directly responsive. The trial judge questioned Morales regarding his competence and whether his plea was voluntary.

Morales contends, instead, that the trial judge had a duty to delay his sentencing until after a competency hearing based on:

---

1. Having been released from prison and satisfied the terms of his parole, Morales is no longer in custody. Since he was in custody at the time he filed his application before the Court,

however, his petition is not moot. *Carafas v. LaVallee,* 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968).

1) Morales' alleged irrational behavior at his sentencing; and 2) the prosecution's statement that it would not file a predicate felony statement because Morales' psychiatric record would render the prosecution unable to sustain its burden to prove that Morales should be sentenced as a predicate felon. These assertions by Morales lack merit.

First, the record discloses that Morales' behavior at his sentencing was angry, but not irrational. Morales clearly recalled the trial judge's statement that he would receive the maximum four-year sentence if he failed to return for sentencing. At one point in the sentencing proceeding, Morales offered excuses for his previous failure to show up as scheduled, and said, "If you don't give me the promise of one year, I want my plea back."

■ The statement by the prosecution, that no predicate felony statement was being filed because of Morales' psychiatric record, is not evidence of Morales' alleged insanity at the time of his sentencing. New York Penal Law § 70.10(2) grants the trial court discretion in determining whether a defendant should be sentenced as a persistent felony offender. The statute requires that the court examine the history and character of a defendant, and the nature of his criminal conduct before determining that extended incarceration would best serve the public interest. The required sentence for a persistent felon is not less than fifteen nor more than twenty-five years.

CPL § 730.30(1) does obligate a trial judge to order a competency hearing at any point between arraignment and sentencing if the judge forms an opinion that the competency of the defendant is in question.

Nothing in the record of this case, however, supports petitioner's claim that the trial judge erred in not ordering a competency hearing before sentencing Morales.

■ Even Morales' own counsel did not raise the issue that Morales was incompetent to enter a knowing and intelligent guilty plea. His description of Morales at sentencing as having "some mental prob-lems" was offered only in an obvious attempt to excuse Morales' previous failure to appear for sentencing.

Finding no evidence to support petitioner's claim, the Court therefore denies his petition for a writ of habeas corpus. The petition is dismissed.

SO ORDERED.