842 F.2d 1291
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Burl Anderson HOWELL, Petitioner-Appellant,
v.
Sebastian S. VALENTI, Warden, MCI-J, Respondent-Appellee.
 No. 87-7379.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 19, 1988.
Decided March 24, 1988.
 
 Burl Anderson Howell, appellant pro se.
 Valerie V. Cloutier, Office of the Attorney General, for appellee.
 Before K.K. HALL, SPROUSE and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Burl Anderson Howell initiated this 28 U.S.C. Sec. 2254 action while awaiting retrial on charges arising out of the murder of his father. He claimed that retrial on these charges would violate double jeopardy because the evidence at an earlier trial of the charges had been insufficient to sustain his conviction. While Howell's Sec. 2254 petition was pending, the state entered a nolle prosequi of all charges pending against Howell related to the subject matter of the petition. Because the charges on which Howell's double jeopardy claim were based were no longer pending against him the state moved to dismiss Howell's Sec. 2254 petition. The district court dismissed the petition as moot and Howell noted this appeal.
 
 
 2
 Finding no merit in Howell's challenge to the district court's dismissal order, we deny a certificate of probable cause to appeal and dismiss the appeal. Howell correctly maintains that he was "in custody" for federal habeas purposes at the time he filed his petition, see Justices of Municipal Court v. Lydon, 466 U.S. 294 (1984), and that satisfaction of the "in custody" requirement was not undermined by his later release from that custody, see Carafas v. LaVallee, 391 U.S. 234, 238 (1968). He fails to establish, however, any reason why his double jeopardy claim is not now moot. As his prior conviction on charges related to his father's murder was reversed on appeal within the state system, he suffers no collateral consequences as a result of a prior criminal conviction. Cf. Carafas, supra, at 237-38. Nor does he presently face any pending charges. Although Howell argues that the state could reindict him at any time, this possibility does not save his petition from mootness. The possibility of reindictment is a conjectural one and, even if it were to occur, there is no reason to believe Howell's double jeopardy claim would evade review at that time. Cf. Weinstein v. Bradford, 423 U.S. 147 (1975).
 
 
 3
 We dispense with oral argument because the dispositive issues recently have been decided authoritatively and dismiss the appeal on the reasoning of the district court. Howell v. Valenti, C/A No. 85-708-JH (D.Md. Oct. 6, 1987).
 
 
 4
 DISMISSED.