November 23, 1988. Motion for reargument granted, based upon the potential for collateral consequences of the conviction, although the sentence has already been served. *Jones* v. *Helms*, 452 U.S. 412, 415 n.6 (1981); *Carafas* v. *LaVallee*, 391 U.S. 234, 237-38 (1968); *State* v. *Smith*, 207 Conn. 152, 161-62, 540 A.2d 679, 685 (1988). Accordingly, the entry order of October 2, 1987 is withdrawn. Pursuant to V.R.A.P. 40 the Court will make a final disposition of the cause and issue its opinion without hearing further oral argument.

## In re William H. FOX

[554 A.2d 669]

No. 88-539

November 2, 1988. The Judicial Conduct Board is hereby directed to promptly examine into and make a recommendation to this Court as to whether the conviction of Assistant Judge William H. Fox for the offense of driving while under the influence adversely affects his ability to perform the duties of his office within the meaning of Rule 5 of the Rules of Supreme Court for Disciplinary Control of Judges. Assistant Judge William H. Fox is temporarily suspended from acting in any judicial capacity until further order of the Court.

## In re Joseph BRUYETTE

[554 A.2d 1047]

No. 81-346

## In re William H. FOX

[554 A.2d 669]

No. 88-539

December 1, 1988. The order of this Court suspending Judge Fox from acting in any judicial capacity dated November 2, 1988, is amended to add the following:

In order that the provisions of Rule 5(1) providing that such suspension be "without loss of compensation" be fairly implemented, it is directed that Judge Fox be paid judicial per diem compensation for each of those days certified by the Presiding Judge of Bennington County that the business of that court authorizes the participation of assistant judges. Such certification shall be attached to the voucher submitted by Judge Fox for pay purposes.

Allen, C.J., dissents.