914 F.2d 1490
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Ernest Lee DOUGLAS, Petitioner-Appellant,
v.
Jerry DEANS, Warden, Respondent-Appellee.
 No. 90-6532.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 25, 1990.
Decided Sept. 26, 1990.
 
 Appeal from the United States District Court for the Western District of Virginia, at Charlottesville. James H. Michael, Jr., District Judge. (CA-86-49-C)
 Ernest Lee Douglas, appellant pro se.
 Mary Sue Terry, Attorney General, Richmond, Va., for appellee.
 W.D.Va.
 VACATED AND REMANDED.
 Before PHILLIPS and MURNAGHAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Ernest Lee Douglas seeks to appeal the district court's order dismissing his 28 U.S.C. Sec. 2254 habeas corpus proceeding as moot on the ground that Douglas had completed service of the sentence imposed on his 1982 Virginia conviction for felonious wounding.* The district court held that, because Douglas has a prior felony conviction, no new collateral consequences attached to the 1982 conviction. We disagree.
 
 
 2
 When a habeas petitioner finishes serving his sentence, any ongoing habeas proceeding which attacks his conviction becomes moot unless there are collateral consequences which survive the sentence and which will prejudice the petitioner in the future. Carafas v. LaVallee, 391 U.S. 234, 237-38 (1968); cf. Sibron v. New York, 392 U.S. 40, 50-58 (1968). In Carafas, the Court mentioned collateral consequences such as the inability to engage in certain businesses, to serve as a juror, or to vote. In Evitts v. Lucey, 469 U.S. 387, 391 n. 4 (1985), the Court treated "the possibility that [the conviction] would be used to impeach testimony he might give in a future proceeding and the possibility that it would be used to subject him to persistent felony offender prosecution if he should go to trial on any other felony charges in the future" as sufficient collateral consequences to prevent the habeas proceeding from becoming moot when petitioner completed his sentence.
 
 
 3
 In Douglas's case, there are both state and federal collateral consequences of the challenged conviction. Should Douglas be convicted of another Virginia felony, his parole eligibility under Va.Code Ann. Sec. 53.1-151 will be determined by the number of his prior felony convictions, and the 1982 conviction will be counted in that determination. Should Douglas be convicted of a federal felony and sentenced under the Sentencing Guidelines, the 1982 conviction will be considered in determining his criminal history category and will thus affect the sentence he receives. Therefore, the case is not moot and dismissal was improper. Evitts v. Lucey, supra.
 
 
 4
 Accordingly, we grant the motion to proceed in forma pauperis, grant a certificate of probable cause to appeal, vacate the order of the district court and remand for further proceedings. We dispense with oral argument because the facts and legal contentions are adequately presented in the record and argument would not aid the decisional process.
 
 
 5
 VACATED AND REMANDED.
 
 
 
 *
 Douglas was in custody under his 1982 conviction when he filed his Sec. 2254 petition in 1986. He was discharged on the 1982 sentence in 1988