940 F.2d 660
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James HARRISON, Petitioner-Appellant,
v.
Al C. PARKE, Warden, Respondent-Appellee.
 No. 91-5105.
 United States Court of Appeals, Sixth Circuit.
 July 22, 1991.
 
 1
 Before RALPH B. GUY, Jr. and ALAN E. NORRIS, Circuit Judges, and FRIEDMAN, District Judge.*
 
 ORDER
 
 2
 James Harrison, a pro se Kentucky prisoner, appeals the district court's dismissal of his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In 1983, Harrison was convicted by a jury of aiding and abetting a theft by unlawful taking. He was sentenced to two years imprisonment and his conviction was affirmed on direct appeal by the Kentucky Court of Appeals. Prior to serving his two year sentence, Harrison was convicted of murder and was sentenced to life imprisonment without possibility of parole for twenty-five years. This sentence was to run consecutive to the two year theft sentence which Harrison began serving on February 25, 1986. Thereafter, Harrison filed a motion for post-conviction relief attacking the 1983 theft conviction. The trial court denied the motion and the Kentucky Court of Appeals affirmed the judgment, finding that the motion was moot because Harrison had fully served his first sentence and was currently serving the life sentence on the murder conviction.
 
 
 4
 Harrison then filed his habeas petition attacking the 1983 theft conviction alleging that he received ineffective assistance of counsel. The magistrate recommended the petition be denied, finding that the court lacked jurisdiction to entertain his habeas petition because he was not "in custody" on the 1983 conviction because the sentence had been fully served at the time he filed his habeas petition. The district court adopted the magistrate's recommendation after reviewing Harrison's objections.
 
 
 5
 On appeal, Harrison reasserts his claims and argues that under Kentucky law he has met the in custody requirement.
 
 
 6
 Upon review, we affirm the district court's judgment because Harrison did not meet the in custody requirement of 28 U.S.C. Sec. 2254(a) because he had fully served the two year sentence on the 1983 theft conviction at the time he filed the habeas petition. See Carafas v. LaVallee, 391 U.S. 234, 238 (1968); Sevier v. Turner, 742 F.2d 262, 268-69 (6th Cir.1984). This is true even though the 1983 conviction was used as an aggravating circumstance to enhance the sentence on Harrison's murder conviction. See Maleng v. Cook, 490 U.S. 488, 492 (1989) (per curiam). We also conclude that Ky.Rev.Stat. Sec. 197.045 is inapplicable to Harrison's situation; and we decline to address Harrison's argument under Ky.Rev.Stat. Sec. 532.120(1) because that particular argument was not first advanced in the district court. See Chandler v. Jones, 813 F.2d 773, 777 (6th Cir.1987).
 
 
 7
 Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Bernard A. Friedman, U.S. District Judge for the Eastern District of Michigan, sitting by designation