988 F.2d 117
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Charles D. BOAGS, Petitioner-Appellant,
v.
BEVERLY HILLS MUNICIPAL COURT; Attorney General of the
State of California, Respondents-Appellees.
 No. 92-55290.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 11, 1993.*
Decided Feb. 23, 1993.
 
 Appeal from the United States District Court for the Central District of California, No. CV-91-6327-JSL(S); J. Spencer Letts, District Judge, Presiding.
 C.D.Cal.
 AFFIRMED.
 Before GOODWIN, SCHROEDER and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Charles D. Boags, a former municipal court judge, appeals pro se from the district court's dismissal of his 28 U.S.C. § 2254 habeas corpus petition.[1] Boags challenges his conviction for conspiracy to obstruct justice. He contends that the district court erred by dismissing his habeas petition on the grounds that he was no longer in custody when he filed the petition.[2] We review de novo the district court's dismissal of a section 2254 habeas petition. Hunter v. Aispuro, No. 90-16398, slip op. 14949, 14953-54 (9th Cir. Dec. 31, 1992). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Boags contends that the fact that he was not in custody at the time he filed his habeas petition should not bar this appeal because his "procedural default" should be excused due to his factual innocence.[3] "The federal habeas statute gives the United States District Courts jurisdiction to entertain petitions for habeas relief only from persons who are 'in custody in violation of the Constitution or other laws or treaties of the United States.' " Maleng v. Cook, 490 U.S. 488, 490 (1989) (quoting 28 U.S.C. § 2241(c)(3)). The habeas petitioner must be "in custody" under the conviction or sentence under attack at the time his petition is filed. Id. (citing Carafas v. LaVallee, 391 U.S. 234, 238 (1968)). The district court lacks subject matter jurisdiction if the habeas petitioner is not in custody at the time of the filing of the petition. Id. at 490-91.
 
 
 4
 Boags was sentenced to a term of six months probation which expired on November 9, 1990, before he filed his habeas petition on November 20, 1991.
 
 
 5
 Therefore the district court properly dismissed Boags habeas petition.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Boags originally filed a 28 U.S.C. § 2241 habeas petition. However, 28 U.S.C. § 2254 governs habeas corpus relief for persons in custody pursuant to the judgment of a state court. See Rules Governing Section 2254 Cases, 28 U.S.C. foll. § 2254. Therefore, this court construes the petition as one made pursuant to 28 U.S.C. § 2254
 
 
 [2]
 Boags also appears to contend that the district court erroneously denied his request to add a writ of error coram nobis. This contention is without merit
 The writ of error coram nobis is a common law writ used to obtain review and correction of a factual error affecting the validity of a judgment by the same court which rendered it. See Hirabayahsi v. United States, 828 F.2d 591, 604 n. 14 (9th Cir.1987). The district court did not render the judgment of conviction for Boags. His conviction was rendered by a California state court.
 
 
 [3]
 Boags' characterization of his failure to file a habeas petition while in custody as a "procedural default" is erroneous. Procedural default results when a federal habeas petitioner has failed to follow a state procedural rule for a particular claim and thereby forfeits that claim. See McCleskey v. Zant, 111 S.Ct. 1454, 1468 (1990). That is not the situation in this case