## CARAFAS *v.* LaVALLEE, WARDEN.

No. 71.   Argued March 27, 1968.—Decided May 20, 1968.

*James J. Cally* argued the cause and filed briefs for petitioner.

*Brenda Soloff,* Assistant Attorney General of New York, argued the cause for respondent. With her on the brief were *Louis J. Lefkowitz,* Attorney General, *Samuel A. Hirshowitz,* First Assistant Attorney General, and *Michael H. Rauch,* Assistant Attorney General.

MR. JUSTICE FORTAS delivered the opinion of the Court.

This case has a lengthy procedural history. In 1960, petitioner was convicted of burglary and grand larceny in New York state court proceedings and was sentenced to concurrent terms of three to five years. On direct appeal (following *Mapp* v. *Ohio,* 367 U. S. 643 (1961)), petitioner claimed that illegally obtained evidence had been introduced against him at trial. The Appellate Division affirmed the conviction without opinion, *People* v. *Carafas,* 14 App. Div. 2d 886, 218 N. Y. S. 2d 536 (1961), as did the New York Court of Appeals, 11 N. Y. 2d 891, 182 N. E.

2d 413 (1962).[1] This Court denied a petition for a writ of certiorari. 372 U. S. 948 (1963).

Thereafter, complex proceedings took place in which petitioner sought in both federal and state courts to obtain relief by writ of habeas corpus, based on his claim that illegally seized evidence was used against him. 334 F. 2d 331 (1964); petition for writ of certiorari denied, 381 U. S. 951 (1965). On November 5, 1965, the United States District Court, as directed by the United States Court of Appeals for the Second Circuit (334 F. 2d 331 (1964)), heard petitioner's claim on the merits. It dismissed his petition on the ground that he had failed to show a violation of his Fourth Amendment rights. Petitioner appealed in circumstances hereinafter related. The Court of Appeals for the Second Circuit dismissed the appeal. On March 20, 1967, a petition for a writ of certiorari was filed here. We granted the petition, 389 U. S. 896 (1967), to consider whether, because of facts to which we later refer, the Court of Appeals' dismissal conformed to our holding in *Nowakowski* v. *Maroney*, 386 U. S. 542 (1967). But first we must consider the State's contention that this case is now moot because petitioner has been unconditionally released from custody.

Petitioner applied to the United States District Court for a writ of habeas corpus in June 1963. He was in custody at that time. On March 6, 1967, petitioner's sentence expired,[2] and he was discharged from the parole status in which he had been since October 4, 1964. We issued our writ of certiorari on October 16, 1967 (389 U. S. 896).

---

[1] The New York Court of Appeals amended its remittitur to reflect that it had passed on petitioner's constitutional claim. 11 N. Y. 2d 969, 183 N. E. 2d 697 (1962).

[2] It appears that petitioner was on bail after conviction until this Court denied his earlier petition for a writ of certiorari. 372 U. S. 948 (March 18, 1963).

The issue presented, then, is whether the expiration of petitioner's sentence, before his application was finally adjudicated and while it was awaiting appellate review, terminates federal jurisdiction with respect to the application. Respondent relies upon *Parker* v. *Ellis*, 362 U. S. 574 (1960), and unless this case is overruled, it stands as an insuperable barrier to our further consideration of petitioner's cause or to the grant of relief upon his petition for a writ of habeas corpus.

*Parker* v. *Ellis* held that when a prisoner was released from state prison after having served his full sentence, this Court could not proceed to adjudicate the merits of the claim for relief on his petition for habeas corpus which he had filed with the Federal District Court. This Court held that upon petitioner's unconditional release the case became "moot." *Parker* was announced in a *per curiam* decision.[3]

It is clear that petitioner's cause is not moot. In consequence of his conviction, he cannot engage in certain businesses;[4] he cannot serve as an official of a labor union for a specified period of time;[5] he cannot vote in any election held in New York State;[6] he cannot serve as a juror.[7] Because of these "disabilities or burdens [which] may flow from" petitioner's conviction, he has "a substantial stake in the judgment of conviction which survives the satisfaction of the sentence imposed on him." *Fiswick* v. *United States*, 329 U. S. 211, 222 (1946). On account of these "collateral consequences,"[8] the case is

[3] THE CHIEF JUSTICE and JUSTICES BLACK, DOUGLAS, and BRENNAN dissented.

[4] *E. g.,* New York Education Law §§ 6502, 6702; New York General Business Law § 74, subd. 2; New York Real Property Law § 440–a; New York Alcoholic Beverage Control Law § 126.

[5] 73 Stat. 536, 29 U. S. C. § 504.

[6] New York Election Law § 152, subd. 2.

[7] New York Judiciary Law §§ 596, 662.

[8] Undoubtedly there are others. See generally Note, Civil Disabilities of Felons, 53 Va. L. Rev. 403 (1967).

not moot. *Ginsberg* v. *New York,* 390 U. S. 629, 633–634, n. 2 (1968); *Fiswick* v. *United States, supra,* at 222, n. 10; *United States* v. *Morgan,* 346 U. S. 502, 512–513 (1954).

The substantial issue, however, which is posed by *Parker* v. *Ellis,* is not mootness in the technical or constitutional sense, but whether the statute defining the habeas corpus jurisdiction of the federal judiciary in respect of persons in state custody is available here. In *Parker* v. *Ellis,* as in the present case, petitioner's application was filed in the Federal District Court when he was in state custody, and in both the petitioner was unconditionally released from state custody before his case could be heard in this Court. For the reasons which we here summarize and which are stated at length in the dissenting opinions in *Parker* v. *Ellis,* we conclude that under the statutory scheme, once the federal jurisdiction has attached in the District Court, it is not defeated by the release of the petitioner prior to completion of proceedings on such application.

The federal habeas corpus statute requires that the applicant must be "in custody" when the application for habeas corpus is filed. This is required not only by the repeated references in the statute,[9] but also by the history of the great writ.[10] Its province, shaped to guarantee the most fundamental of all rights,[11] is to provide an effective and speedy instrument by which judicial inquiry may be had into the legality of the detention of a person. See *Peyton* v. *Rowe, ante,* p. 54.[12]

---

[9] See 28 U. S. C. §§ 2241, 2242, 2243, 2244, 2245, 2249, 2252, 2254.

[10] See 9 W. Holdsworth, History of English Law 108–125 (1926).

[11] *E. g.,* Article 39 of the Magna Carta (see 9 W. Holdsworth, at 112–125). The federal habeas corpus statute grants jurisdiction to inquire into violations of the United States Constitution.

[12] If there has been, or will be, an unconditional release from custody before inquiry can be made into the legality of detention, it has been held that there is no habeas corpus jurisdiction. See

But the statute does not limit the relief that may be granted to discharge of the applicant from physical custody. Its mandate is broad with respect to the relief that may be granted. It provides that "[t]he court shall . . . dispose of the matter as law and justice require." 28 U. S. C. § 2243. The 1966 amendments to the habeas corpus statute seem specifically to contemplate the possibility of relief other than immediate release from physical custody. At one point, the new § 2244 (b) (1964 ed., Supp. II) speaks in terms of "release from custody or other remedy." See *Peyton* v. *Rowe, supra; Walker* v. *Wainwright,* 390 U. S. 335 (1968). Cf. *Ex parte Hull,* 312 U. S. 546 (1941).

In the present case, petitioner filed his application shortly after June 20, 1963, while he was in custody. He was not released from custody until March 6, 1967, two weeks before he filed his petition for certiorari here. During the intervening period his application was under consideration in various courts. Petitioner is entitled to consideration of his application for relief on its merits. He is suffering, and will continue to suffer, serious disabilities because of the law's complexities and not because of his fault, if his claim that he has been illegally convicted is meritorious. There is no need in the statute, the Constitution, or sound jurisprudence for denying to petitioner his ultimate day in court.

This case illustrates the validity of THE CHIEF JUSTICE's criticism that the doctrine of *Parker* simply aggravates the hardships that may result from the "intolerable delay[s] in affording justice." *Parker* v. *Ellis, supra,* at 585 (dissenting opinion). The petitioner in this case was sentenced in 1960. He has been attempting to liti-

---

*Parker* v. *Ellis, supra,* at 582, n. 8 (WARREN, C. J., dissenting); *Ex parte Baez,* 177 U. S. 378 (1900); *United States ex rel. Rivera* v. *Reeves,* 246 F. Supp. 599 (D. C. S. D. N. Y. 1965); *Burnett* v. *Gladden,* 228 F. Supp. 527 (D. C. D. Ore. 1964).

gate his constitutional claim ever since. His path has been long—partly because of the inevitable delays in our court processes and partly because of the requirement that he exhaust state remedies.[13] He should not be thwarted now and required to bear the consequences of assertedly unlawful conviction simply because the path has been so long that he has served his sentence.[14] The federal habeas corpus statute does not require this result, and *Parker* v. *Ellis* must be overruled.

We turn now to the substance of the question as to which we granted certiorari. Petitioner's first hearing on the merits in the Federal District Court was held on November 5, 1965.[15] The District Court dismissed the petition for habeas corpus, denying petitioner's claim that evidence used against him had been obtained by an illegal search and seizure. The District Court issued a

---

[13] Petitioner was convicted in 1960. He took his case through the state appellate process, and this Court denied a writ of certiorari in March 1963. 372 U. S. 948. In June 1963 petitioner began his quest for a writ of habeas corpus in the federal courts. The District Court denied the petition without prejudice, suggesting, in view of what the judge thought was the unsettled state of New York law, that petitioner reapply to the state courts. See 28 U. S. C. § 2254. Petitioner did so, and apparently at the same time appealed to the United States Court of Appeals for the Second Circuit. The state courts denied relief a second time. The United States Court of Appeals reversed the District Court and ordered a hearing on the merits. 334 F. 2d 331 (1964). This Court denied the State's petition for a writ of certiorari. 381 U. S. 951 (1965). The hearing ordered by the Court of Appeals was held by the District Court on November 5, 1965. The petition was dismissed on the merits on May 2, 1966. Petitioner's appeal to the Second Circuit was dismissed on February 3, 1967, and a petition for rehearing was denied on February 21, 1967. A petition for a writ of certiorari was filed here on March 20, 1967, and granted on October 16, 1967, 389 U. S. 896, about seven years after petitioner's conviction.

[14] See *Thomas* v. *Cunningham*, 335 F. 2d 67 (C. A. 4th Cir. 1964).

[15] See n. 13, *supra*.

certificate of probable cause pursuant to 28 U. S. C. § 2253 and ordered that the notice of appeal be filed without prepayment of the prescribed fee. A notice of appeal was filed, and the petitioner applied in the Court of Appeals for an order allowing him to appeal *in forma pauperis*. 28 U. S. C. § 1915. The State opposed petitioner's application for leave to appeal *in forma pauperis* and moved to dismiss the appeal on the ground that it was without merit. Petitioner filed a reply in July 1966 in which he opposed the State's motion to dismiss and in which he renewed his plea for leave to appeal *in forma pauperis*. On February 3, 1967, the Court of Appeals entered the following order: "Application for Leave to Proceed *in Forma Pauperis*. Application denied. Motion to dismiss appeal granted." Rehearing was thereafter denied. It is this action of the Court of Appeals that brings into issue our decision in *Nowakowski* v. *Maroney*, 386 U. S. 542 (April 10, 1967).

In *Nowakowski*, we held that "when a district judge grants . . . a certificate [of probable cause], the court of appeals must grant an appeal *in forma pauperis* (assuming the requisite showing of poverty), and proceed to a disposition of the appeal in accord with its ordinary procedure." At 543. Although *Nowakowski* was decided after the Court of Appeals dismissed petitioner's appeal, its holding applies to a habeas corpus proceeding which, like this one, was not concluded at the time *Nowakowski* was decided. Cf. *Eskridge* v. *Washington Prison Board*, 357 U. S. 214 (1958); see also *Linkletter* v. *Walker*, 381 U. S. 618, 628, n. 13 and 639, n. 20 (1965); *Tehan* v. *Shott*, 382 U. S. 406, 416 (1966).

Respondent argues that the denial of the motion to proceed *in forma pauperis* by the Court of Appeals in this case and the dismissal of the appeal were permissible because the Court had before it the entire District Court record and because respondent's motion to dismiss and

petitioner's reply contained some argument on the merits. Nothing in the order entered by the Court of Appeals, however, indicates that the appeal was duly considered on its merits as *Nowakowski* requires in cases where a certificate of probable cause has been granted. Although *Nowakowski* does not necessarily require that the Court of Appeals give the parties full opportunity to submit briefs and argument in an appeal which, despite the issuance of the certificate of probable cause, is frivolous, enough must appear to demonstrate the basis for the court's summary action. Anything less than this, as we held in *Nowakowski,* would negate the office of the certificate of probable cause. Indeed, it appears that since *Nowakowski,* the Court of Appeals for the Second Circuit has accorded this effect to that ruling. The State informs us that "it appears to be the policy of the Court of Appeals for the Second Circuit that in cases where habeas corpus appeals have been dismissed, reargument will be granted and the appeal reinstated where the time to apply for certiorari had not expired prior to the decision in *Nowakowski.*" Brief for respondent 22–23.

Accordingly, the judgment below is vacated and the case is remanded to the United States Court of Appeals for the Second Circuit for further proceedings consistent with this opinion.

*It is so ordered.*

MR. JUSTICE MARSHALL took no part in the consideration or decision of this case.

MR. JUSTICE HARLAN and MR. JUSTICE STEWART, concurring.

Although we joined the *per curiam* decision in *Parker* v. *Ellis,* 362 U. S. 574, we are now persuaded that what the Court there decided was wrong insofar as it held that even though a man be in custody when he initiates

a habeas corpus proceeding, the statutory power of the federal courts to proceed to a final adjudication of his claims depends upon his remaining in custody. Consequently we concur in the opinion and judgment of the Court.

MR. JUSTICE HARLAN also notes that his views upon the issue discussed in his separate concurring opinion in *Parker, id.,* at 576, have not changed.