**Allen E. CHANCE, Plaintiff-Appellant,**

v.

**UNITED STATES of America,
Defendant-Appellee.**

No. 27075

Summary Calendar.

United States Court of Appeals
Fifth Circuit.

Sept. 9, 1969.

Allen E. Chance, pro se.

Eldon B. Mahon, U. S. Atty., W. E. Smith, Asst. U. S. Atty., Fort Worth, Tex., Patrick H. Mulloy, Jr., Asst. U. S. Atty., Dallas, Tex., for defendant-appellee.

Before WISDOM, COLEMAN, and SIMPSON, Circuit Judges.

PER CURIAM:

Pursuant to new Rule 18 of the Rules of this court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir. 1969, 409 F. 2d 804, Part I.

This is an appeal from denial of a motion to vacate judgment and conviction, 28 U.S.C. § 2255, after an evidentiary hearing. We affirm.

The appellant, having waived assistance of counsel, was convicted upon his plea of guilty of interstate transportation of a forged security in violation of 18 U.S.C. § 2314. The three-year sentence for this offense which appellant is attacking, has been served; and the appellant is confined by authority of another sentence. See Breland v. United States, 5th Cir. 1967, 372 F.2d 629. We have entertained this appeal because the § 2255 motion was filed prior to expiration of the three-year sentence which appellant has attacked. See Carafas v. LaVallee, 1968, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554.

At the hearing held below, the appellant testified that he pleaded guilty because of promises of an FBI special agent and that he did not understandingly waive his right to counsel. The agent testified, as did the state assistant district attorney and an investigator for the state district attorney, that no promises nor "deal" were made to induce the plea.

The district court held that the plea was understandingly and voluntarily entered after a valid waiver of the right to

counsel. This finding is supported by the transcript of the proceedings at which the appellant pleaded guilty, and by all other evidence except the testimony of the appellant. Appropriate findings and conclusions were stated in the order denying § 2255 relief.

Rule 52(a), F.R.Civ.P., provides in pertinent part that "Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses." See Goodwin v. United States, 5th Cir. 1968, 391 F.2d 278; Clayton v. United States, 8th Cir. 1962, 302 F.2d 30. Nothing in this record has persuaded us that the district court's findings are erroneous.

The appellant has also complained of the quality of representation accorded by his court-appointed counsel in the § 2255 proceedings below. We find no merit to this allegation, which is refuted by the record itself.

The judgment of the district court should be and it is affirmed.

Affirmed.