MANN, Judge
(dissenting).
Barnett has been sentenced to a total of twenty-six years for three felonies and attacks the first sentence, imposed in 1955. He was in custody when this petition was filed. He was sentenced in 1956 to a one-year term for escape and to a fifteen-year term for robbery. His petition attacking the first sentence as constitutionally invalid for failure of the state to provide counsel was dismissed because the sentence attacked had been fully served.
Whether Barnett’s later sentences began to run in 1956 or upon the expiration of the allegedly invalid sentence is not by any means a moot question, but rather one of considerable immediate significance to him, and it ought to be considered. I would reverse on authority of Sibron v. New York, 1968, 392 U.S. 40, 88 S.Ct. 1889, 1912, 20 L.Ed.2d 917, and Carafas v. LaVallee, 1968, 391 U.S. 234, 88 S.Ct. 1556, 20 L.F.d. 2d 554. See annotation, 9 A.L.R.3d 462.
To the extent that prior decisions of Florida courts purport to deny meaningful relief on grounds of excessively technical definitions of mootness inconsonant with present constitutional standards they ought to be overruled.