**Floyd HATCHER**

v.

**Clifford JACKSON, and State of NJ**

**Appeal of Clifford JACKSON, Superintendent, Newark House, and the Attorney General of the State of New Jersey.**

No. 87–5907.

United States Court of Appeals,
Third Circuit.

Argued on June 3, 1988.

Decided Aug. 8, 1988.

Alfred A. Slocum, Public Defender, John R. Grele, Asst. Deputy Public Defender (argued), Mark H. Friedman, Public Defender of N.J. Appellate Section, East Orange, N.J., for appellee.

Herbert H. Tate, Jr., Essex County Prosecutor, John S. Redden, Deputy First Asst. Prosecutor (argued), Virginia M. Lincoln, Office of the County Prosecutor, Newark, N.J., for appellants.

Before SEITZ, SLOVITER and HUTCHINSON, Circuit Judges.

OPINION OF THE COURT

SEITZ, Circuit Judge.

Appellants appeal a final order of the district court granting petitioner a writ of habeas corpus pursuant to 28 U.S.C. §§ 2241 and 2254.

I.

Petitioner was indicted and thereafter tried before a jury in the Superior Court of New Jersey on three counts of first degree robbery, three counts of third degree criminal restraint and one count of third degree burglary.

After the foreperson of the jury announced a verdict of guilty on all counts, defense counsel requested that the jury be polled. When asked whether the announced verdict was their verdict, the first eleven jurors answered affirmatively. There then followed the events narrated in the transcript that are critical to this appeal:

THE CLERK: Veronica Tasker [juror number twelve], Veronica Tasker, is this your verdict?

MISS TASKER: Yes.

THE COURT: Mrs. Tasker, I didn't hear your answer.

MRS. TASKER: Yes—I can't go through this, I can't do it, I can't. I can't—

THE COURT: Call for a medic.

Now, obviously, Miss Heim, Mr. Feinberg, Mr. Hatcher, the poll was not completed, we do not have a verdict at this time.

Would you please get Mrs. Mac Alpin to come in here with the jury box and slips? I'm going to empanel an alternate.

MR. FEINBERG [defendant's counsel]: Your Honor, I would like to be heard on the matter.

THE COURT: Yes.

Ladies and gentlemen, would you kindly step into the jury room?

(The following takes place in open Court out of the presence of the jury.)

THE COURT: I understand, Mr. Feinberg, the lady answered yes. I couldn't hear it but now apparently Mrs. Stewart heard her. Did you hear her?

MR. FEINBERG: Your Honor, I heard various things and I wasn't sure what I heard.

THE COURT: What did you hear when her name was called?

MR. FEINBERG: I heard what I thought originally was her say yes and then immediately after say I can't do this.

THE COURT: All right.

MR. FEINBERG: Which to me I don't know whether she's meaning yes and then withdrawing her yes or I don't know where that stands, your Honor.

THE COURT: Well, she clearly said afterwards I can not judge the man although she had already judged him by answering yes and apparently then did you hear her, Miss Heim?

MISS HEIM [Assistant Prosecutor]: Judge, I heard her say yes twice obviously with considerable amount of difficulty but I did hear her say yes twice.

THE COURT: She said it. Apparently her emotional breakdown had not come until after she had answered yes twice and obviously it was a severe emotional breakdown after having said yes twice, she said she could not judge the man. I frankly couldn't hear her. She said it so low, you were all closer to her than I.

The jury has deliberated now about eight and a half hours. They apparently have agreed upon a verdict. The emotional breakdown came down after it was announced after she had answered yes on two occasions. Apparently the emotional breakdown was quite severe; however, that does not change the fact that there was an agreement on the verdict.

The Court will enter the verdict as rendered by the jury.

Defense counsel immediately objected to the entry of the verdict on the ground that one juror had not joined in the verdict.[1] The motion was denied, as well as a later motion for a new trial based on the same ground.

Petitioner's sentence was affirmed by the Appellate Division of the Superior Court which concluded that "the jurors polled all orally concurred in the verdict of guilty announced by the forelady. We see no abuse of discretion by the trial judge in entering the verdict as announced." The Supreme Court of New Jersey denied a petition for certification.

Petitioner then filed this petition for a writ of habeas corpus raising the constitutional claim that he was deprived of due process because the verdict was not truly unanimous. Apparently based solely on the state court record, the district court granted the writ. Its reasoning follows:

The petitioner contends that the juror's response was confusing, ambiguous, and "not directly responsive" to the question. I agree. Although she responded with a barely audible "yes," her subsequent statement—"I can't go through this, I can't do it, I can't, I can't ..."—raises sufficient doubt as to the meaning of her response. Before the verdict was entered the trial court should have taken remedial steps to eliminate any questions raised by the juror's failure to answer clearly and directly.

Appellants contend that the district court erred because the issue as to the definitive-

---

1. Defendant's counsel also moved for a mistrial because of the potential impact of the juror's breakdown on the other jurors. Petitioner does not suggest this argument as an alternative basis for affirming the district court. In any event, the other jurors had been individually polled before the incident.

ness of the twelfth juror's vote was one solely of state law. They also argue that even if the issue implicated a federal question the district court erred in failing to give due regard to the factual determination of the state courts. Petitioner asserts that the district court correctly found a federal due process violation under the circumstances of this case.

## II.

■ At the outset, we agree with the district court that petitioner was entitled to seek a writ of habeas corpus despite his parole status. *Carafas v. LaVallee*, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968). We also agree that petitioner has exhausted his state remedies.

## III.

We come now to the critical issue of whether the district court correctly determined that the state courts deprived petitioner of due process of law. Petitioner defends the district court's order on the ground that the state deprived him of federal due process by failing to accord him the benefit of state-established guarantees.

Petitioner's argument is syllogistic. New Jersey law requires that a jury verdict in a criminal case be unanimous. N.J.Ct.R. 1:8–9. When there is doubt about a juror's vote, the New Jersey cases interpreting Rule 1:8–10 indicate that the trial judge should seek clarification. The judge did not question the juror about her poll answer. Citing *Vitek v. Jones*, 445 U.S. 480, 100 S.Ct. 1254, 63 L.Ed.2d 552 (1980), petitioner concludes that the state court thereby deprived him of his state-guaranteed unanimous verdict and, in consequence, violated his federally guaranteed due process rights.

Essentially, the parties are in disagreement as to the minor premise in petitioner's syllogism: whether the state courts violated state law by not requiring clarification of the juror's vote under the circumstances. Before turning to that issue, we note that the district court decided the case on an undisputed state court record. Under those circumstances, we conclude that our review is plenary.

■ In construing Rule 1:8–10, the New Jersey courts have indicated that the trial judge should seek clarification when a juror's vote is unclear. In this way it may be assured that the verdict is unanimous. However, the New Jersey trial judge determined that the particular juror's vote was unequivocal despite her subsequent emotional breakdown. The Appellate Division read the record the same way. The district court, nevertheless, concluded that the juror's response was confusing, ambiguous and not directly responsive to the question, thus requiring further inquiry under *State v. Schmelz*, 17 N.J. 227, 111 A.2d 50 (1955).

It seems unusual, at least at first blush, for a federal court to conclude that the state courts misapplied their own procedural law to the undisputed facts in the record before them. But assuming without deciding that a state court's application of its own procedural rules may be so aberrant as to create a due process violation, such is not the case here. The evaluation of the record here and the need for further inquiry were subject to the state trial court's exercise of its discretionary power. Surely its determination that in twice answering "yes," the twelfth juror unequivocally joined in the verdict previously announced, despite her subsequent emotional reaction, did not amount to an application of New Jersey's procedural rules that exceeded all reasonable bounds. Nor did the application contravene the principles set forth in *Schmelz*.

Petitioner makes the alternative argument that "due process itself requires that a state court, confronted by a questionable jury verdict, must undertake to fairly ascertain the propriety of that verdict." Although the district court did not address this issue, we are satisfied that the events in question did not give rise to a due process violation here.

In view of our conclusion we need not consider the appellants' argument as to the deference to be accorded state court findings of fact. 28 U.S.C. § 2254(d).

The order of the district court will be reversed.