860 F.2d 1080
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James O'NEAL, Petitioner-Appellant,
v.
Gene BORGERT, Respondent-Appellee.
 No. 88-1123.
 United States Court of Appeals, Sixth Circuit.
 Oct. 13, 1988.
 
 1
 Before KRUPANSKY and RALPH B. GUY, Jr., Circuit Judges, and RONALD E. MEREDITH, District Judge.*
 
 ORDER
 
 2
 This pro se Michigan state prisoner moves for the appointment of counsel and appeals the district court's denial of his petition for writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254.
 
 
 3
 The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 4
 In 1971, O'Neil pled guilty to unlawfully driving away an automobile and was sentenced to a maximum five year sentence. O'Neil has fully served the 1971 sentence and is currently incarcerated on charges unrelated to his 1971 conviction. In his habeas petition, he argued that his 1971 guilty plea was invalid because the trial court did not inform him of his right to appeal the conviction, and of his right to appointed counsel on appeal. The district court denied the petition without prejudice finding that there was not a sufficient nexus between the prior conviction and his current incarceration.
 
 
 5
 Upon review, we affirm the district court's judgment. Petitioner did not meet the in custody requirement of 28 U.S.C. Sec. 2254(a) because he had fully served the 1971 sentence at the time he filed his habeas petition. See Carafas v. LaVallee, 391 U.S. 234, 238 (1968); Sevier v. Turner, 742 F.2d 262, 268-69 (6th Cir.1984). We further conclude that petitioner's claims are moot because he is not suffering any collateral consequences from the 1971 conviction. See Justices of Boston Municipal Court v. Lydon 466 U.S. 294, 300-02 (1984); Ward v. Knoblock, 938 F.2d 134, 138 (6th Cir.1984); cert. denied, 469 U.S. 1193 (1983).
 
 
 6
 Accordingly, the motion for counsel is hereby denied and the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Ronald E. Meredith, U.S. District Judge for the Western District of Kentucky, sitting by designation