108 F.3d 1385
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Daniel Joseph HUBACEK, Petitioner-Appellant,
v.
Terry STEWART, Director; Grant Woods;
Respondents-Appellees. (Two Cases)
 No. 95-17281, 95-17283.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 11, 1997.*
Decided March 14, 1997.
 
 Before: SNEED, LEAVY, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Daniel Joseph Hubacek, an Arizona state prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2254 petition. Hubacek challenges two separate convictions. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo. Duckett v. Godinez, 67 F.3d 734, 739 (9th Cir.1995), cert. denied, 116 S.Ct. 1549 (1996). We affirm.
 
 
 3
 * 1989 Conviction
 
 
 4
 In 1989, Hubacek was convicted of unlawful use of toxic vapors and sentenced to one year in prison. Because Hubacek was not in custody pursuant to the 1989 conviction at the time he filed the section 2254 petition attacking that conviction, the district court properly dismissed this aspect of Hubacek's petition. See Carafas v. LaVallee, 391 U.S. 234, 238 (1968).
 
 II
 1990 Conviction
 
 5
 On June 1, 1990, following a mistrial due to a hung jury, Hubacek was convicted of felony theft. After the jury found that Hubacek had three prior felony convictions, the trial court sentenced Hubacek as a repeat offender to 11.25 years in prison.
 
 A. Motion to Suppress
 
 6
 Hubacek contends that the trial court violated his constitutional rights when it denied his suppression motion. The district court properly denied this claim as barred by Stone v. Powell, 428 U.S. 465 (1976) (so long as petitioner had an opportunity to present his Fourth Amendment claim in state court, the claim may not be raised in section 2254 proceedings).
 
 B. Speedy Trial Claim
 
 7
 Hubacek contends his speedy trial rights were violated because approximately five months elapsed between the date he was arraigned and the date he was tried. Even were the allegations which Hubacek made in state court adequate to raise a federal issue, we would reject the claim because the reasons for any delay attributable to the State were not improper and Hubacek has failed to establish prejudice. See Barker v. Wingo, 407 U.S. 514, 530 (1972) (five-year delay between arrest and trial did not violate speedy trial right).
 
 C. Presentence Report
 
 8
 Hubacek contends that his Sixth Amendment confrontation rights were violated when the trial court prohibited defense counsel from impeaching the complaining witness with a disparaging presentence report. The trial court excluded the testimony at the first trial on hearsay grounds. Hubacek did not attempt to introduce the report at retrial, but he did attempt to raise the issue on direct appeal. The Arizona Court of Appeals expressly held that Hubacek had waived the claim by not raising it at the second trial. Alternatively, the Arizona Court of Appeals rejected the claim on its merits.
 
 
 9
 The district court properly concluded that the claim is procedurally barred. See Coleman v. Thompson, 501 U.S. 722, 750 (1991) (absent cause and prejudice or a fundamental miscarriage of justice, claim procedurally barred in state court is also barred from federal review); see also Harris v. Reed, 489 U.S. 255, 264 n. 10 (1989) (procedural bar is not vitiated when state court expressly invokes independent procedural bar but alternatively rejects a claim on its merits).
 
 D. Limited Cross-Examination
 
 10
 The trial court permitted Hubacek to impeach the complaining witness with a prior felony, but did not permit him to bring out the fact that the prior conviction was for robbery. Hubacek contends that this limitation violated his Sixth Amendment right to confront the witnesses against him. The Arizona Court of Appeals expressly held that Hubacek had waived the claim by failing to raise it at trial. As Hubacek has failed to establish cause for, and prejudice from, the procedural default, the claim is barred from federal review. See Coleman, 501 U.S. at 750.
 
 E. Prior Conviction Then On Appeal
 
 11
 Hubacek contends that his trial was rendered fundamentally unfair because the jury was not permitted to consider that the prior felony conviction for which he was impeached at trial was then on appeal.
 
 
 12
 At trial, the prosecutor asked Hubacek on cross-examination whether it was true that he had "a prior conviction for a felony." Hubacek admitted that he did. On redirect examination, defense counsel asked Hubacek whether his conviction was then on appeal. Before the prosecutor objected, Hubacek answered yes. The trial court sustained the prosecutor's objection.
 
 
 13
 The Arizona Court of Appeals determined that the trial court erred in sustaining the objection, but concluded that the error was harmless. Because the error was not so egregious as to render Hubacek's trial fundamentally unfair, we reject Hubacek's federal claim. See Estelle v. McGuire, 502 U.S. 62, 67, 75 (1991).
 
 F. Ineffective Assistance of Counsel
 
 14
 Hubacek contends counsel was ineffective on three grounds. One, counsel asked Hubacek whether the police initially stopped him for driving under the influence (DUI) after the State had agreed not to refer to the DUI charge. Because the jury could have interpreted the DUI charge as tending to substantiate Hubacek's version of events, counsel was not ineffective when he inquired about the DUI charge. See Strickland v. Washington, 466 U.S. 668, 689 (1984).
 
 
 15
 Two, after Hubacek admitted on cross-examination that he had a prior felony conviction, counsel asked Hubacek on redirect to identify the nature of the prior conviction. Counsel performed effectively when counsel made sure that the jurors knew that Hubacek's prior conviction was merely for intaking toxic vapors. See id.
 
 
 16
 Three, counsel never obtained a transcript of the first trial and therefore did not prevent Hubacek from being "impeached on numerous occasions with inconsistencies in his testimony given at the first trial." Hubacek has neither identified the inconsistencies to which he refers or their import. Consequently, we reject this claim for lack of prejudice. See id. at 691-92; see also Nix v. Whiteside, 475 U.S. 157, 166 (1986) (counsel's duty of loyalty does not include condoning perjury).
 
 G. Evidence of Credit Card Theft
 
 17
 Hubacek contends that his constitutional rights were violated when evidence of the credit card theft, as to which a directed verdict was granted in the first trial, was admitted at the second trial. We disagree. See Dowling v. United States, 493 U.S. 342, 348 (1990) (prior acquittal does not bar admission of same evidence at subsequent trial on different offense).
 
 H. Sentencing Claim
 
 18
 Hubacek contends his sentence is unconstitutional on two grounds: (1) he was sentenced as a repeat offender based on a prior conviction that was more than ten years old; and (2) a different Arizona sentencing provision, governing dangerous offenses, bars consideration of prior convictions that remote. We reject these contentions on mootness grounds.
 
 
 19
 At the time Hubacek was sentenced, Arizona law required an enhanced prison term for any person convicted of a class two or three felony who had two or more prior felony convictions. See Ariz.Rev.Stat. § 13-604(D). Hubacek had three prior felony convictions. His challenges to the sentencing statute are moot.
 
 
 20
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3