**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 27 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

G. SAM HOUSTON,

      Petitioner-Appellant,

v.

RANDY L. HENDERSON; GALE A.
NORTON, Attorney General of the
State of Colorado,

      Respondents-Appellees.

No. 99-1066
(D.C. No. 97-WM-835)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, Chief Judge, **BALDOCK** and **HENRY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Mr. G. Sam Houston appeals *pro se* the denial of his petition for habeas corpus pursuant to 28 U.S.C. § 2254 and requests a certificate of appealability. For the reasons set out below, we deny him a certificate of appealability and dismiss this appeal.

In 1991, Mr. Houston was charged with attempted sexual assault on a child while he was in a position of trust. He was sentenced in state court to six years of probation. The following year, he was charged with sexual assault, this time on adults. He entered a guilty plea to two misdemeanors with respect to the new charges and also admitted to violating his probation. The state court sentenced him to eight years based on the probation violation. Mr. Houston then filed for post-conviction relief under Colo.R.Crim.P. 35(a). His motion was denied. He appealed and was appointed counsel on appeal. The Colorado Court of Appeals affirmed the trial court, and the Colorado Supreme Court denied certiorari.

On May 2, 1997, while still incarcerated, Mr. Houston filed a petition for writ of habeas corpus which the district court denied on recommendation from the magistrate. Although Mr. Houston has since completed his sentence, his release does not terminate federal jurisdiction with respect to the pending application that was filed while he was still incarcerated. *See Carafas v. LaVallee*, 391 U.S. 234, 237-38 (1968).

We review de novo the district court's legal conclusions in dismissing a petition for a writ of habeas corpus. *See Davis v. Executive Dir. of Dep't of Corrections*, 100 F.3d 750, 756 (10th Cir.1996).

In Mr. Houston's motion for post-conviction relief in state court, he challenged the voluntariness of his plea to the first offense, an argument the Colorado Court of Appeals addressed and rejected. In his petition for habeas corpus, he again argues he did not know the elements of the crime for which he was charged, particularly the mental state required, and his plea was therefore involuntary. Having pleaded guilty, a defendant's only avenue for challenging his conviction is to claim that he did not voluntarily or intelligently enter his plea.[1] *See Mabry v. Johnson*, 467 U.S. 504, 508-09 (1984). A review of the record reveals, however, that Mr. Houston was apprised of every element of the offense. The court conducted a thorough Rule 11 inquiry including the elements and the required mental states of the sexual assault. In this regard, the following exchange took place:

> THE COURT: Please look at paragraph 8 [of the Petition to Enter a Guilty Plea] which begins on the bottom of page 2 and continues on the top of page 3. Paragraph 8 contains the elements of the crime of criminal attempt, sexual assault on a child-position of trust. Do you understand that if you did not plead guilty to that

---

[1] Other issues Mr. Houston attempts to raise do not go to the voluntariness of his plea and therefore were waived by his guilty plea.

charge, the prosecution would be obligated to prove each and every one of these 11 elements beyond a reasonable doubt?

THE DEFENDANT: Yes, I do.

THE COURT: As to the crime of criminal attempt, element number three states that you acted with the culpable mental state required for the offense of sexual assault on a child. Do you understand that the words "culpable mental state" mean knowingly?

THE DEFENDANT: Yes, I do.

THE COURT: Have you talk[sic] that over with your lawyer?

THE DEFENDANT: Yes, I have.

THE COURT: Element number four in the elements of the crime of criminal attempt are that you engaged in conduct constituting a substantial step toward the commission of the offense of sexual assault on a child. Have you talked with your lawyer about what the words "substantial step" mean?

THE DEFENDANT: Yes, I have.

THE COURT: Do you understand that phrase?

THE DEFENDANT: Yes, I do.

THE COURT: As to the elements of the crime of sexual assault on a child which are top of page 3 of your petition, element number three states that you did these things knowingly; that deals with your state of mind. Do you understand that if you did not plead guilty to this charge, the prosecution also would be obligated to prove your state of mind beyond a reasonable doubt?

THE DEFENDANT: Yes, I understand.

State Court Record, vol. II, Guilty Plea Hearing at 5-6. Accordingly, Mr.

Houston's argument that he did not know the elements of the crime has no merit.

Mr. Houston challenges the determination by the state court that his

Colo.R.Crim.P. 35(c) motion could be summarily dismissed without an

evidentiary hearing. Alleged violations of state law are not cognizable in a

federal habeas corpus proceeding. *See Pulley v. Harris*, 465 U.S. 37, 41 (1984).

"In conducting habeas review, a federal court is limited to deciding whether a

conviction violated the Constitution, laws, or treaties of the United States."

*Estelle v. McGuire*, 502 U.S. 62, 68 (1991). The magistrate judge correctly

determined that Mr. Houston's claims of defective state proceedings are not

within permissible habeas corpus review in federal court.

Mr. Houston also argues that he was improperly denied appointment of

counsel on his post-conviction motion. Again, we agree with the magistrate

judge's analysis that any challenge to a state defect is not proper for habeas

corpus review unless it implicates a federal or constitutional violation. "There is

no constitutional right to an attorney in state post-conviction proceedings." *See*

*Coleman v. Thompson*, 501 U.S. 722, 752 (1991). Nevertheless, Mr. Houston was

appointed counsel on appeal from the denial of his post-conviction motion. We

decline to review his further challenge to state procedures.

We will grant a certificate of appealability only if Mr. Houston has made "a

substantial showing of the denial of a constitutional right." 28 U.S.C. S

2253(c)(2). Because we find no merit to Mr. Houston's arguments before this

court, much less a "substantial showing of the denial of a constitutional right," we

**DENY** his application, **DENY** his motion for leave to proceed *in forma paueris*

and **DISMISS** his appeal.

ENTERED FOR THE COURT

Stephanie K. Seymour
Chief Judge
