**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**May 31, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

BERNARD CASTRO,

      Petitioner-Appellant,

v.

JIM KEITH, JOE ORTIZ, and JOHN
SUTHERS *, the Attorney General of
the State of Colorado,

      Respondents-Appellees.

No. 04-1440
(D.C. No. 03-MK-962 (PAC))
(D. Colo.)

**ORDER AND JUDGMENT** **

Before **BRISCOE** , **LUCERO** , and **MURPHY** , Circuit Judges.

Bernard Castro, a former state prisoner proceeding pro se, appeals from the

denial of his 28 U.S.C. § 2254 habeas petition raising two claims contesting his

conviction for criminally negligent homicide and one claim contesting his

sentence based on Apprendi v. New Jersey, 530 U.S. 466 (2000). During the

---

* Pursuant to Fed. R. App. P. 43(c)(2), John Suthers is substituted as Attorney General of the State of Colorado for Ken Salazar.

** The case is unanimously ordered submitted without oral argument pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

pendency of the habeas proceedings the Supreme Court issued its decision in

United States v. Blakely, 124 S.Ct. 2531 (2004).  The district court denied

Castro's petition, and granted a certificate of appealability ("COA") only as to the

sentencing issue.  For substantially the same reasons set forth by the district court,

we **DENY** Castro's request for a COA for the remaining two issues.[1]  As to the

sentencing issue for which the district court granted a COA, the state defendants

have moved for a dismissal of this issue as moot.  Our review confirms that the

sentencing issue is moot, and the appeal of that issue is therefore **DISMISSED**.

We must first address the jurisdictional argument.  Castro contends that the

trial court, not a jury, made findings of aggravated circumstances under the

Colorado sentencing scheme in violation of his rights under the Sixth and

Fourteenth Amendments.  The state defendants argue that Castro's claims

---

[1] Castro's petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA"); as a result, AEDPA's provisions apply to this case.  See Rogers v. Gibson, 173 F.3d 1278, 1282 n.1 (10th Cir. 1999) (citing Lindh v. Murphy, 521 U.S. 320 (1997)).  AEDPA conditions a petitioner's right to appeal a denial of habeas relief under § 2254 upon a grant of a COA.  28 U.S.C. § 2253(c)(1)(A).  A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right."  § 2253(c)(2).  This requires Castro to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  Slack v. McDaniel, 529 U.S. 473, 484 (2000)  (quotations omitted).  Because the district court denied Castro a COA for the first two issues, he may not appeal the district court's decision absent a grant of COA by this court.

attacking his sentence are moot, as Castro has completed his sentence and has been unconditionally released from custody during the pendency of the habeas proceedings.[2]  We agree.  In Carafas v. LaVallee, the Supreme Court held that a petitioner's challenge of his conviction is not rendered moot by the fact that the underlying sentence has expired because certain collateral consequences flowing from the conviction give the petitioner "a substantial stake in the judgment of conviction which survives the satisfaction of the sentence imposed on him."  391 U.S. 234, 237 (1968).  However, in Lane v. Williams, 455 U.S. 624, 631 (1982), the Court clarified that the Carafas rule does not apply when the petitioner purports to challenge his sentence and the sentence has been fully served.  Because Castro has been unconditionally discharged from custody after having completed his sentence, his habeas claim attacking his sentence is moot.[3]

We turn next to Castro's two claims attacking his conviction, for which the

---

[2] Because Castro was serving his sentence when he filed his § 2254 petition, he has satisfied the "in custody" requirement of § 2254.  See Spencer v. Kemna, 523 U.S. 1, 7 (1998).

[3] Although his sentence appeal is moot, we discern no error in the district court's evaluation of Castro's claim attacking his sentencing under Apprendi and Blakely.  At the time the Colorado Court of Appeals evaluated Castro's sentencing arguments, its interpretation of Apprendi was not unreasonable. Further, w e have held that Blakely did not announce a watershed rule of criminal procedure that would apply retroactively to initial habeas petitions such as Castro's.  United States v. Price, 400 F.3d 844, (10th Cir. 2005).  Further, Castro's claim does not fall within the "capable of repetition, yet evading review" exception to the mootness doctrine because there is no reasonable expectation that Castro would be subject to the same action again.  See Spencer, 523 U.S. at 17.

district court did not issue a COA. The district court determined that some of Castro's claims were exhausted, and some were not. Nevertheless, after according the appropriate AEDPA deference, the district court evaluated the mixed petition and denied Castro's claims on the merits under 28 U.S.C. § 2254(b)(2), and denied a COA as to these two claims. We discern no error in the district court's evaluation of these claims.

Under AEDPA, if a claim is adjudicated on the merits in state court, we will grant habeas relief only if that adjudication resulted in a decision "that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)–(2). After careful review of Castro's application, the district court's order denying relief, and the material portions of the record on appeal, we conclude that Castro's claims are without merit.

In his § 2254 petition, Castro claims first that the untimely preliminary hearing, and improper transfer of the case between divisions of the trial court, or between County and District court, amount to violations of his Due Process right under the Fifth and Fourteenth Amendments, i.e. that the cumulative effects of these alleged procedural errors rendered his trial procedurally unfair. In a

comprehensive twenty page opinion, adopting two recommendations by the magistrate judge, the district court found that Castro had failed to establish any fundamental unfairness arising from the alleged procedural defect, and further that he had failed to establish that the Colorado Court of Appeals' factual finding that Castro's second trial was timely commenced within six months following the mandate of the prior appeal was in error. We agree that Castro has failed to make the required showing of a violation of a federally protected right or an unreasonable application of the facts in light of the evidence in the state proceedings.

Secondly, Castro claims that the state trial court made several evidentiary errors, specifically in excluding testimony from two surgeons who would have testified as to Castro's serious medical and physical disabilities and permanent injuries; excluding testimony concerning the victim's boxing skills, and refusing to give a jury instruction regarding the victim's fists being deadly weapons; and admitting a deceased witness's prior testimony. The district court evaluated each evidentiary claim and found that Castro had failed to establish the violation of a federally protected right. Additionally, the district court reevaluated the admission of the deceased witness's prior testimony which had been done under Roberts v. Ohio, 448 U.S. 56 (1980), after the Supreme Court issued Crawford v. Washington, 541 U.S. 36 (2004). After evaluating Crawford, which was issued

during the pendency of the habeas proceedings, the district court found that the trial court had not erred under either the <u>Roberts</u> or <u>Crawford</u> standard because Castro had an actual opportunity and similar motive to cross examine the deceased witness at the first trial. On our review of both the record and the district court order denying relief, we conclude that Castro has failed to make "a substantial showing of the denial of a constitutional right" to justify a COA on these claims. § 2253(c)(2).

Accordingly we **DISMISS** the sentencing claim as moot, and **DENY** a COA on the remaining two claims.

ENTERED FOR THE COURT


Carlos F. Lucero<br>
Circuit Judge