**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SHAWN JAMES ALLEN WOODALL, | No. 09-55997 |
| Petitioner - Appellant, | D.C. No. 3:08-cv-01132-BTM-RBB |
| v. | |
| GENE BEAUCHAMP, Warden; et al., | MEMORANDUM[*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Barry Ted Moskowitz, District Judge, Presiding

Argued and Submitted August 31, 2011
Pasadena, California

Before: SCHROEDER and GOULD, Circuit Judges, and MCCUSKEY, Chief District Judge.[**]

Appellant Shawn James Allen Woodall appeals the district court's denial of

his Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 arguing on

appeal that: (1) his due process rights were violated by the failure of the state trial

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. Rule 36-3.

[**]    The Honorable Michael Patrick McCuskey, Chief District Judge for the U.S. District Court for Central Illinois, Urbana, sitting by designation.

court to provide preliminary and final probation revocation hearings; (2) this constitutional error should be considered structural and therefore not considered under a harmless error analysis; and (3) the alleged constitutional error, even under a harmless error analysis, was not harmless. We lack jurisdiction under 28 U.S.C. § 2254, and thereby dismiss this appeal.

A federal court only has jurisdiction under 28 U.S.C. § 2254 to grant a writ of habeas corpus to a person "in custody in violation of the Constitution or laws or treaties of the United States" at the time the writ is filed. 28 U.S.C. § 2254 (a); *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968) ("The federal habeas corpus statute requires that the applicant must be 'in custody' when the application for habeas corpus is filed."). The Supreme Court has held that the "in custody" status is satisfied for jurisdictional purposes even when the person is no longer in prison, but rather remains on parole as a result of the conviction he is challenging. *Jones v. Cunningham*, 371 U.S. 236, 243 (1963).

Appellant filed his application for habeas corpus in the federal district court on June 24, 2008. Although Appellant was in prison on that date, he was in custody on charges unrelated to the conviction and related probation revocation he

is challenging.[1]  Appellant was not in custody for purposes of the conviction he is challenging as he received credit for time served in excess of the 2-year sentence he received as a result of his probation violation committed in 2006.  Furthermore, any parole that Appellant will be subject to will relate to the subsequent unrelated convictions that he was sentenced to on October 19, 2007.  Therefore, we lack jurisdiction under 28 U.S.C. § 2254 to consider this case, as Appellant was not "in custody" as a result of the conviction and related probation revocation in case number SCD176528.

**DISMISSED.**

---

[1]Appellant is challenging the revocation, reinstatement and extension of his probation which was initially received in case number SCD176528, in which he pled guilty to one count of evading a police officer with reckless driving.  After this probation was extended on September 28, 2006, Appellant violated the terms of the probation by committing another crime.  On October 19, 2007, Appellant was sentenced to multiple terms.  They were: (1) a four-year prison term for case number SCD202824; (2) in the probation violation resulting from case number SCD176528, he was sentenced to two years to run concurrently with his sentence in case number SCD202824; and (3) in the probation violation resulting from an unrelated conviction in 2006, he was sentenced to four years to run concurrently with his sentence in case number SCD202824.