**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 29, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

DAVEY JOE SUTTON,

  Petitioner-Appellant,

v.

DEPARTMENT OF CORRECTIONS,

  Respondent-Appellee.

No. 11-7046

(E.D. of Okla.)

(D.C. No. 6:08-CV-00134-JHP-KEW)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **O'BRIEN**, **McKAY**, and **TYMKOVICH**, Circuit Judges.[**]

---

Davey Joe Sutton, a former Oklahoma state prisoner, seeks a certificate of appealability (COA) to challenge the district court's denial of his 28 U.S.C. § 2254 petition for a writ of habeas corpus.[1]  The magistrate judge's report and

---

[*]  This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**]  After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal.  *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G).  The cause is therefore ordered submitted without oral argument.

[1]  While Sutton's sentence has since expired, the threshold "in custody" determination required by 28 U.S.C. § 2241(c)(3) was made by the district court below and carries throughout the habeas process.  *See* R., Vol. I at 32–33; *Carafas v. LaVallee*, 391 U.S. 234, 237 (1968) (a petitioner's challenge to his conviction is not rendered moot by the fact that the underlying sentence has

(continued...)

recommendation suggested denial of habeas relief on all of Sutton's claims. The federal district court adopted the report and recommendation and denied the habeas petition. Exercising jurisdiction under 28 U.S.C. §§ 1291 and 2253(a), and for substantially the same reasons set forth by the magistrate judge, we find Sutton has failed to make the requisite showing for a COA and therefore DENY his request.

## I. Background

Davey Sutton is a former Oklahoma state prisoner. In 2004, Sutton was convicted by a jury of Witness Intimidation, in violation of Okla. Stat. tit. 21, § 455. Sutton was sentenced to one-year imprisonment with the last six months of the sentence suspended. The OCCA affirmed his conviction on direct appeal. *Sutton v. State*, No. F-2004-1234 (Okla. Crim. App. Sept. 20, 2006).

Sutton instituted this § 2254 action in federal district court, asserting four grounds for relief: (1) the element "mental harm," as used in Okla. Stat. tit. 21, § 455 is unconstitutionally vague; (2) the evidence was insufficient to support the conviction; (3) the trial court misinstructed the jury on elements of the offense; and (4) the prosecutor told the jury that Sutton was charged with this crime because the grand jury had proof beyond a reasonable doubt. The Respondent

---

[1](...continued)
expired because collateral consequences flowing from the conviction give the petitioner "a substantial stake in the judgment of conviction which survives the satisfaction of the sentence imposed on him").

conceded that Sutton had exhausted his state court remedies. In a 20-page report and recommendation, the magistrate judge rejected all of Sutton's claims. Upon de novo review, the district court adopted the magistrate judge's recommendation and dismissed Sutton's petition.

## II. Discussion

To appeal the district court's denial of his § 2254 petition, Sutton must obtain a COA by making "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). He may make this showing by demonstrating that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003). "[A] claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that [the] petitioner will not prevail." *Id.*

For substantially the same reasons set forth by the magistrate judge, we find that Sutton has failed to make the requisite showing for a COA. The magistrate judge's 20-page report and recommendation thoroughly analyzes the record and is supported by the applicable law. While he raised four claims below, Sutton has only raised two claims before this court: (1) the evidence was

insufficient to support the conviction; and (2) the element "mental harm," as used in Okla. Stat. tit. 21, § 455, is unconstitutionally vague.[2]

With respect to his claim that the evidence was insufficient to support the conviction, we agree with the magistrate judge that a rational trier of fact could have found each of the essential elements of the crime beyond a reasonable doubt. *Magistrate Judge's Report and Recommendation* at 4–17; *see also Jackson v. Virginia*, 433 U.S. 307, 319 (1979). With respect to his claim that the statutory term "mental harm" was unconstitutionally vague, we agree with the magistrate judge that "when considered in the context of the rest of the statute, the OCCA's analysis of the term neither contravened nor unreasonably applied federal law." *Magistrate Judge's Report and Recommendation* at 4. The statute adequately defines the criminal conduct such that "ordinary people can understand what conduct is prohibited," and does so without "encourag[ing] arbitrary and discriminatory enforcement." *Kolender v. Lawson*, 461 U.S. 352, 357 (1983).

In sum, none of the grounds asserted rises to the level of a substantial showing of a denial of a constitutional right as required for a COA to issue.

---

[2] Sutton identifies four specific instances of insufficient evidence in his brief; as the district court also chose to do, they are consolidated under a single heading here.

## III. Conclusion

For the reasons stated above we DENY Sutton's application for a COA and DISMISS his appeal.

Entered for the Court,

Timothy M. Tymkovich
Circuit Judge