# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 20-5115**

**September Term, 2020**

**1:20-cv-00477-UNA**

**Filed On:** October 21, 2020

Dale B. Adams,

      Appellant

    v.

Bob Dole, United States Senator, et al.,

      Appellees

### ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

**BEFORE:** Henderson and Tatel, Circuit Judges, and Sentelle, Senior Circuit Judge

### J U D G M E N T

This appeal was considered on the record from the United States District Court for the District of Columbia and on the amended brief filed by appellant. See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j). Upon consideration of the foregoing, the motion to appoint counsel, and the motion for a temporary restraining order and sanctions, it is

**ORDERED** that the motion to appoint counsel be denied. In civil cases, appellants are not entitled to appointment of counsel when they have not demonstrated sufficient likelihood of success on the merits. It is

**FURTHER ORDERED** that the motion for a temporary restraining order and sanctions be denied. Appellant has not demonstrated that he is entitled to the relief sought. It is

**FURTHER ORDERED AND ADJUDGED** that the district court's March 30, 2020 order dismissing appellant's complaint be affirmed. The district court correctly concluded that appellant's claims against three current and former members of Congress arising from those members' passage of various statutes, are barred under

the Speech and Debate Clause of the U.S. Constitution, which provides immunity for "those congressional acts properly thought to fall within the legislative function – those 'generally done in a session of [one of the houses of Congress] by one of its Members in relation to the business before it.'" Brown & Williamson Tobacco Corp. v. Williams, 62 F.3d 408, 415 (D.C. Cir. 1995) (quoting Kilbourn v. Thompson, 103 U.S. 168, 204 (1881)).

Insofar as appellant asserts that the district court erred by assigning several of his cases to the same district court judge, or by failing to construe this action as one in habeas, those arguments lack merit. Under the district court's rules, "a case filed by a pro se litigant with a prior case pending shall be deemed related and assigned to the judge having the earliest case." LCvR 40.5(a)(3). And because appellant has not alleged that he is in custody, there was no reason for the district court to construe his complaint as seeking habeas relief. See Carafas v. LaVallee, 391 U.S. 234, 238 (1968) ("The federal habeas corpus statute requires that the appellant must be 'in custody' when the application for habeas corpus is filed.").

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:    /s/
Daniel J. Reidy
Deputy Clerk