UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Steven Eriksen,                              )
                                             )
           Petitioner,                       )
                                             )
    v.                                       )        Civil Action No.  15-0053 (CKK)
                                             )
                                             )
United States District Court,                )
District of Columbia,                        )
                                             )
           Respondent.                       )


MEMORANDUM OPINION

Petitioner, proceeding *pro se*, is a resident of Live Oak, Florida.  He has filed a form

"Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241."  For the reasons explained

below, the Court will deny the petition and dismiss this case.

> A court . . . entertaining an application for a writ of habeas corpus shall
> forthwith award the writ or issue an order directing the respondent to show
> cause why the writ should not be granted, unless it appears from the
> application that the applicant . . . is not entitled thereto.

28 U.S.C. § 2243.  Habeas relief is available to individuals who are in custody under color of

authority.  *See* 28 U.S.C. § 2242(c) ("The writ . . . shall not extend to a prisoner unless . . . [h]e

is in custody . . . .").  As explained by the Supreme Court:

> The federal habeas corpus statute requires that the applicant must be 'in
> custody' when the application for habeas corpus is filed.  This is required not
> only by the repeated references in the statute, but also by the history of the
> great writ.  Its province, shaped to guarantee the most fundamental of all
> rights, is to provide an effective and speedy instrument by which judicial
> inquiry may be had into the legality of the detention of a person.

*Carafas v. LaVallee*, 391 U.S. 234, 238 (1968) (footnotes omitted).

1

"The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 494-95 (1973). Consequently, the habeas applicant must "allege the facts concerning [his] commitment or detention, the name of the person who has custody over him and by virtue of what claim or authority, if known." 28 U.S.C. § 2242. Because the writ or show cause order must be directed at " 'the person' with the ability to produce the prisoner's body before the habeas court," the proper respondent to a habeas petition is the detainee's immediate custodian. *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) (quoting 28 U.S.C. § 2242); *accord Blair-Bey v. Quick*, 151 F.3d 1036, 1039 (D.C. Cir. 1998).

Petitioner has erroneously named this Court as the respondent, which alone provides a basis for dismissal. At a more basic level, however, petitioner has not satisfied the custody requirement. Petitioner claims that he is [b]eing held in Custody as a result of the failure of the United States Congress to address [a] United States Supreme Court[] decision . . . as it relates [to] the Medicare provisions of The Patient Protection and Affordable Care Act of 2010." Pet. at 1.[1] He asserts four grounds for relief that have nothing to do with habeas, *see id*. at 6-8, and he wants this Court to "[d]eclare the Medicaid provision . . . unconstitutional and require the Congress . . . to amend[] the law . . . ." *Id*. at 8. The petition is so lacking "*an arguable* basis in law and fact" for habeas relief as to be frivolous. *Brandon v. District of Columbia Bd. of Parole*, 734 F.2d 56, 59 (D.C. Cir. 1984) (emphasis in original). Hence, the Court will deny the petition and dismiss the case. A separate Order of dismissal accompanies this Memorandum Opinion.

                  _____s/_____
                  COLLEEN KOLLAR-KOTELLY

Date: February 20, 2015        United States District Judge

_____

[1] The cited page numbers are those assigned by the electronic case filing system.