# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Clifford Allen Powers,**
**Petitioner Below, Petitioner**

**vs)  No. 14-1169** (Harrison County 11-C-2-1)

**Marvin Plumley, Warden,**
**Huttonsville Correctional Center**
**Respondent Below, Respondent**

**FILED**

**February 26, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Clifford Allen Powers, by counsel Daniel C. Cooper and Landon S. Moyer, appeals the October 14, 2014, order of the Circuit Court of Harrison County that denied his petition for writ of habeas corpus. Respondent Marvin Plumley, by counsel Derek A. Knopp, filed a response. Petitioner filed a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On January 8, 1981, Larry Chiado ("Mr. Chiado") was driving toward Clarksburg, West Virginia from Bridgeport, West Virginia in his 1980 Ford Pinto, after having four or five beers at a bar. On Route 50, he picked up a man he saw hitchhiking.[1] As Mr. Chiado drove, the man produced a firearm and fired a shot through the driver's window. The man then demanded that Mr. Chiado give him money and his wallet. During this exchange, the man continuously gave Mr. Chiado directions of where to drive the car. The man finally ordered Mr. Chiado to get out of the car and run.

Mr. Chiado went home and then to the police station where he described his assailant. Investigator Gary Keith of the Clarksburg Police Department gave Mr. Chiado six photographs, in two rows of three. According to Investigator Keith, the six photographs were mug shots showing the top half of the individuals photographed. Mr. Chiado identified petitioner as the individual who robbed him. Mr. Chiado also identified petitioner in court as his assailant.

---

[1] Both parties note that portions of the trial transcript provided to them were illegible, and large portions of the transcript included in the appendix record are illegible.

Petitioner was indicted in the May 1981 term of Court in Harrison County, West Virginia for the offenses of kidnapping and robbery with violence pursuant to West Virginia Code § 61-2-12 (1961).[2] After a mistrial, petitioner was subsequently convicted of one count of robbery without violence,[3] which the jury was instructed was a lesser included offense, and acquitted of the kidnapping charge. Petitioner received a sentence of five to eighteen years for his conviction. Petitioner was discharged from his sentence on April 9, 1987.

In April of 1998, petitioner was convicted of the offenses of burglary, grand larceny, breaking and entering, and two counts of third-offense shoplifting. After the conviction, the State filed a recidivist information against the petitioner. Petitioner pled guilty to the information, and was sentenced to life imprisonment. The petitioner eventually filed the instant habeas challenging the 1982 conviction for robbery. This was done in an effort to attack the recidivist conviction. The circuit court denied habeas relief. After careful consideration this Court finds that the circuit court did not err in denying habeas relief to petitioner.

On appeal, petitioner argues two assignments of error: first, that the circuit court erred in allowing an instruction on the lesser included offense of robbery without violence and second, the circuit court erred in admitting evidence at trial that violated his constitutional rights.[4],[5]

---

[2] According to West Virginia Code § 61-2-12 (1961), felony robbery (with violence) is committed, "[i]f any person commit, or attempt to commit robbery by partial strangulation, or suffocation, or by striking or beating, or by other violence to the person, or by the threat or presenting of firearms, or other deadly weapon or instrumentality whatsoever . . . ."

[3] Pursuant to West Virginia Code § 61-2-12 (1961), felony robbery without violence is committed, "[i]f any person commit, or attempt to commit, a robbery in any other mode or by any other means, except as provided for in the succeeding paragraph of this section . . . ."

[4] Petitioner also asserts that he was denied effective assistance of counsel, due to his trial counsel's failure to object to the lesser included jury instruction. For reasons discussed herein, we find that the trial court did not err in giving said jury instruction, and therefore, find this argument to be without merit.

[5] Although petitioner discharged his sentence on the instant conviction, petitioner is still incarcerated as a result of his recidivist conviction. Therefore, petitioner's habeas petition can be presented to this Court. *State ex rel. Richey v. Hill*, 216 W.Va. 155, 603 S.E.2d 177 (2004) (Mr. Richey recognized that a habeas petition may not be appropriate when a defendant is no longer incarcerated); *Cline v. Mirandy*, 234 W.Va. 427, 434, 765 S.E.2d 583, 590 (2014) ("In West Virginia, an inmate's right to petition for post-conviction habeas corpus relief ends when he or she is released from incarceration."); *Peyton v. Rowe*, 391 U.S. 54 (1968); *Carafas v. LaVallee*, 391 U.S. 234 (1968). While petitioner pled guilty to a recidivist information, the State of West Virginia did not argue that petitioner waived his right to challenge any defects in the underlying convictions due to his guilty plea to the information. Therefore, the parties have not had the opportunity to address this issue, and we decline to consider whether a guilty plea to a recidivist information waives the defendant's right to challenge constitutional defects in the underlying (continued . . .)

2

In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Petitioner first claims that the circuit court erred in presenting an instruction on the lesser included offense of robbery without violence because the evidence presented at trial unequivocally established that the offense was committed with the use of a firearm. Petitioner asserts that the offense of "robbery without violence" is not a lesser included offense of robbery as it must be committed "by any other means," which petitioner argues precludes the use of a firearm.

The State argues, and we agree, that because he failed to object at trial, petitioner has waived his right to object to the "robbery without violence" jury instruction. "As a general rule, no party may assign as error the giving of an instruction unless he objects thereto before the arguments to the jury are begun, stating distinctly as to the instruction the matter to which he objects and the grounds of his objections[.]" Syl. Pt. 6, in part, *State v. Davis*, 153 W.Va. 742, 172 S.E.2d 569 (1970). The record on appeal reflects that this instruction was "given as amended after showing to counsel on both sides." The notation is signed and dated November 10, 1981. In petitioner's second trial, the same instruction was given, as amended in the prior trial. The notation in the record is that the instruction was given as written. There is no evidence of any objection by petitioner to the giving of this jury instruction. Given this record, petitioner has failed to demonstrate that he properly objected to the given instruction. Accordingly, we find petitioner waived his right to object to the jury instruction, and that the circuit court did not abuse its discretion by giving said instruction.

Even if petitioner's trial counsel had objected to the instruction, we find no error. The subject jury instruction was an adequate representation of the elements of robbery, as contained in West Virginia Code § 61-2-12 (1961).[6]

---

convictions. *See also Hoover v. Moran*, 222 W.Va. 112, 662 S.E.2d 711 (2008) (Although the circuit court did not address a statute of frauds argument, the respondent raised and briefed the issue before the circuit court; accordingly, this Court could overrule on other grounds, based upon the record before it.); and *Maleng v. Cook*, 490 U.S. 488, 493-94 (1989).

[6] The circuit court instructed the jury:

The court instructs the jury that under the laws of this State, robbery is defined as the felonious taking of money or goods of any value from the person of another, or in his constructive possession or lawful charge, and in his presence, against his will and by force or putting him in fear; therefore, if the jury believes from all evidence in this case, beyond a reasonable doubt, that at the time and place set

(continued . . .)

The purpose of instructing the jury is to focus its attention on the essential issues of the case and inform it of the permissible ways in which these issues may be resolved. If instructions are properly delivered, they succinctly and clearly will inform the jury of the vital role it plays and the decisions it must make.

*State v. Guthrie*, 194 W.Va. 657, 672, 461 S.E.2d 163, 178 (1995). Further, petitioner's argument that the jury could not find him guilty of robbery without violence because the evidence suggested that a firearm was used, is unpersuasive. The jury was free to draw any lawful conclusion from the evidence, and the weight given to any one piece of evidence is solely a determination of the jury.

A criminal defendant challenging the sufficiency of the evidence to support a conviction takes on a heavy burden. An appellate court must review all the evidence, whether direct or circumstantial, in the light most favorable to the prosecution and must credit all inferences and credibility assessments that the jury might have drawn in favor of the prosecution. The evidence need not be inconsistent with every conclusion save that of guilt so long as the jury can find guilt beyond a reasonable doubt. Credibility determinations are for a jury and not an appellate court. Finally, a jury verdict should be set aside only when the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt. To the extent that our prior cases are inconsistent, they are expressly overruled.

Syl. Pt. 3, *Guthrie*.

Petitioner's second assignment of error is that the circuit court improperly allowed the introduction of constitutionally deficient evidence. Petitioner cites two pieces of evidence, (1) the pre-trial photographic line-up identification of petitioner; and (2) certain testimony regarding the collection and testing of hair evidence found in Mr. Chiado's vehicle. As to the photographic line-up, petitioner asserts that Mr. Chiado's out-of-court identification of petitioner as his assailant was unduly suggestive, which subsequently tainted Mr. Chiado's in-court identification. Petitioner claims that the investigating officer presented a photograph of petitioner to Mr. Chiado before presenting the photographic line-up; and also argues that Mr. Chiado was shown a ten year old picture of petitioner without a beard, although petitioner had a beard at the time of the

---

forth in the indictment in this case, Clifford Allen Powers, did, by the presentation of the firearm set forth in the evidence of this case, intentionally, willfully, knowingly and feloniously take money and goods of the value of Four Thousand Eight Hundred Fifteen Dollars ($4,815.00), or any part thereof from the said Larry Michael Chiado, and in the presence of the said Larry Michael Chiado, against his will and by force and placing the said Larry Michael Chiado, in fear, then you may find the defendant, Clifford Allen Powers, guilty of robbery with violence or robbery without violence as charged in Count No. 2 of the indictment in this case.

incident. Petitioner also claims that Mr. Chiado was intoxicated, and that it was too dark for Mr. Chiado to properly observe his assailant.

We find that petitioner fails to establish that the line-up was unduly suggestive. "A pretrial identification by photograph will be set aside if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." *State v. Tincher*, 181 W.Va. 183, 184, 381 S.E.2d 382, 383 (1989). The evidence presented at trial shows that Mr. Chiado testified that a Clarksburg City Police Officer showed him six photographs, and asked Mr. Chiado to review the photographs. Mr. Chiado then identified petitioner as his assailant. Mr. Chiado and the investigating officer denied that he was shown a picture of petitioner prior to the line-up. Mr. Chiado subsequently identified petitioner at both trials. In addition, Mr. Chiado denied he was intoxicated, and the investigating officers testified that he did not appear intoxicated at the station.

The circuit court explained that "the only evidence presented at trial regarding a suggestive, out-of-court identification was the testimony of a Mr. Hart, [a witness presented in petitioner's case in chief], who by his own admission, wanted to help [petitioner]." As we previously noted, "[c]redibility determinations are for a jury and not an appellate court." Syl. Pt. 3, in part, *Guthrie*. Consequently, we find the circuit court did not err in finding that this evidence was not constitutionally deficient.[7]

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** February 26, 2016

---

[7] Petitioner also complains of certain testimony regarding hair collected at the scene of the crime. As a part of the investigation, hair samples were taken from a hat recovered from Mr. Chiado's vehicle, and sent to the West Virginia State Police Lab for comparison with a sample of petitioner's hair. Lab personnel did not testify at trial. Instead, Officer Keith testified that the lab found the hair samples "similar," but that the testing was not conclusive as to whether the hair samples originated from the same person. Petitioner argues, for the first time in this matter, that the hair evidence should be excluded for two reasons: first, because the testimony concerning the hair was inadmissible hearsay under the Confrontation Clause of the United States Constitution; and second, because even if a hearsay exception applied, the prosecution failed to establish that the evidence had the requisite indicia of reliability. Petitioner failed to assert this assignment of error below. "[E]rrors assigned for the first time in an appellate court will not be regarded in any matter of which the trial court had jurisdiction or which might have been remedied in the trial court if objected to there." Syl. Pt. 17, in part, *State v. Thomas*, 157 W.Va. 640, 203 S.E.2d 445 (1974).

**CONCURRED IN BY:**

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II